USDC SDNY
DOCUMENT
ELECTRONICALLYFILED
DOC#: _____
DATE FILED: __9Lᴸᵇ/²⁰Lᵗ__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

Terri Jablonski,                                          :

                 **Plaintiff,**     :     **1:16-cv-5243 (ALC)**

        -against-                   :     <u>OPINION AND ORDER</u>

Special Counsel, Inc.,                              :

               **Defendant.**     :

-------------------------------------------------------------- X

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Terri Jablonski commences this action against Defendant Special Counsel, Inc.

("Special Counsel"). Jablonski brings a laundry list of claims, asserting fourteen causes of action

against Special Counsel: (1) defamation under New York common law; (2) age discrimination

under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); (3) age

discrimination under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*

("NYSHRL"); (4) age discrimination under the New York City Human Rights Law, N.Y.C.

Admin. Code § 8-101 et seq. ("NYCHRL"); (5) unemployment status discrimination under the

NYCHRL; (6) retaliation under the NYSHRL; (7) retaliation under the NYCHRL; (8) retaliation

under the ADEA; (9) unlawful blacklisting under the NYCHRL; (10) negligence per se under

New York common law; (11) negligence and/or gross negligence under New York common law;

(12) negligent training of employees under New York common law; (13) deceptive business

practices under New York General Business Law ("GBL") § 349; and (14) false advertising

under GBL § 350. Defendant moves to dismiss most of the causes of action pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim and the rest of the other causes of action (first, sixth,

seventh, and eighth causes) pursuant to Fed. R. Civ. P. 8(a)(2) and (d)(1), or alternatively,

require Jablonski to replead the first, sixth, seventh, and eighth causes of action in an Amended

Complaint containing a short and plain statement of those claims.

For the foregoing reasons, Defendant's motion is granted in part and denied in part. The

Court grants Defendant's motion to dismiss the age discrimination claims, unemployment

discrimination claim, unlawful blacklisting claim, negligence claims, negligent training claim,

deceptive business practices claim, and false advertising claim. The Court denies the

Defendant's motion to dismiss the defamation and retaliation claims and affords Plaintiff leave

to replead those claims.

## BACKGROUND

The following facts are drawn from Plaintiff's Amended Complaint and are presumed to

be true for purposes of this motion to dismiss. Terri Jablonski is a 49 year old paralegal. Am.

Compl. ¶ 1. Special Counsel is a placement agency that provides temporary and project legal

professionals. The thrust of Jablonski's complaint is that she applied for forty-one paralegal job

openings at Special Counsel from August 2, 2013 to July 21, 2015 in the New York City, New

Jersey, and White Plains areas and was never hired or referred for placement for any of those

positions. *Id.* ¶¶ 3, 31, 65.

Special Counsel employs an Applicant Tracking System ("ATS") that analyzes

applicant's resumes for review by Special Counsel's recruiters. *Id.* ¶ 35. The ATS can classify a

candidate based on how recent their employment experience was, length of work experience,

current employment status, and graduation dates. *Id.* ¶ 41. Jablonski alleges that recruiters used

the ATS to screen out applicants that exceeded a certain age or were unemployed and further

reviewed the applicant's resumes to ensure that older applicants were screened out. *Id.* ¶ 42.

Jablonski alleges that the recruiters used the ATS to rank younger applicants higher and older applicants lower. *Id.* ¶ 44.

In regards to herself, Jablonski alleges that recruiters saw her resume, but based on her graduation date or date of recent employment, chose not to interview her, despite her being qualified for the job(s). *Id.* ¶ 54. The resumes that Jablonski submitted showed a college graduation date of 1990 and a paralegal certification of 1991, and her paralegal work dates show that she has at least 19 years of experience. *Id.* ¶¶ 64, 124. Thus, a recruiter "could instantly figure out that she was at least 40 years old." *Id.* ¶ 74. Jablonski alleges that the jobs that she applied for over the two year period were taken by younger (under 40 years of age) applicants with little experience. *Id.* ¶ 72.

On April 3, 2014, Special Counsel's Paralegal Placement Director, Margaret Ellwood, contacted Jablonski to discuss a paralegal position that she applied for. Am Compl. ¶ 79; Am. Compl. Ex. 1 at 29-30. Ellwood requested that Jablonski submit a resume in chronological order. *Id* ¶ 82. Jablonski states that this request was intended to "expose or verify how old she was" and that Ellwood was aware that Jablonski was over 40 years old. *Id.* ¶ 85. Jablonski did send a chronological resume to Ellwood. *Id.* ¶ 92. Afterwards, Jablonski was not contacted, hired, or referred for placement by Special Counsel. *Id.* ¶ 93.

On November 26, 2014, Jablonski sent a letter to Special Counsel's New York Office, enclosing a list of jobs that Jablonski had applied for and requesting information from Special Counsel about who (if any) were hired for those jobs, the names of clients those jobs were for, and the age, sex, national origin, and military status of the job hires. *Id.* ¶ 113; Ex. 1 (Terri's Letter Complaining to Defendant) at 47. Special Counsel did not respond to the letter. Am.

Compl. ¶ 115. Jablonski alleges that Ellwood or another employee coded her as "Not Minimally Qualified" or "NMQ" as a result of her complaining about discrimination in the letter. *Id.* ¶ 119.

Jablonski filed a citizenship employment discrimination complaint with the Office of the Chief Administrative Hearing Officer in April 2015. *Id.* ¶ 136. In response to the OCAHO complaint, Ellwood explained in a sworn statement dated June 16, 2015 that Jablonski was not brought in for an interview because she was internally coded as NMQ. *See* Am. Compl. Ex. 1 (Placement Director Ellwood's Sworn Affidavit) at 28. According to Special Counsel's answer to the OCAHO complaint, Jablonski's coding as NMQ was a mistake as Jablonski's submission and candidate profile information was confused and mixed with another candidate that shared similar and overlapping identifiers. Am. Compl. Ex. 2 (Def. Ans. to OCAHO Compl.) at 2. Specifically, because of an earlier merger, the computer database of Ajilon Professional Staff merged with Special Counsel's database, and this resulted in the mix-up that led Jablonski to be internally viewed as NMQ and not considered for any position. *Id.* Jablonski alleges that this explanation is not believable, as Special Counsel did not hire or refer Jablonski for placement, when she applied for jobs in July of 2015. Am. Compl. ¶¶ 156-157.

Jablonski alleges, based on an online search of resumes and Linkedin profiles, that during the period that Jablonski applied for jobs, Special Counsel hired applicants under the age of 30 with less qualifications than Jablonski. *Id.* ¶¶ 135, 168-181.

**STANDARD OF REVIEW**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

4

the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). The court "may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

ADEA and NYSHRL Claims (Second and Third Causes of Action)

The ADEA prohibits an employer from refusing to hire any individual or discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To survive a motion to dismiss, a plaintiff must plausibly allege that (1) her employer took an adverse employment

action against her and (2) that her age was the "but for" cause of the employer's adverse action. *Krzesaj v. N.Y.C. Dep't of Educ.*, 16 Civ. 2926, 2017 WL 1031278, at \*15 (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015)). Regarding the latter, a plaintiff must allege that age was more than just a substantial or motivating factor of the adverse employment action—rather that it was the "but for" cause of the adverse employment action. *Barone v. S&N Auerbach Mgmt., Inc.*, 645 Fed. App'x 13, 14 (2d Cir. 2016); *see also Zarda v. Altitude Express*, 855 F.3d 76, 81-82 (2d Cir. 2017) (observing that but-for causation is a higher standard of causation than substantial factor causation); *Ejiogu v. Grant Manor Nursing and Rehabilitation Center*, 15cv505, 2017 WL 1322174, at \*3 n.4 (S.D.N.Y. Apr. 5, 2017) (same). A plaintiff must plead facts that give "plausible support to a minimal inference" of the requisite discriminatory causality. *Marcus v. Leviton Mfg. Co., Inc.*, 661 Fed. App'x. 29, 32 (2d Cir. 2016) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 310–11 (2d Cir. 2015)). The same standard for ADEA discrimination claims also applies for NYSHRL age-based discrimination claims, including the requirement of "but for" causation. *Szewczyk v. City of New York*, 15-CV-918 (MKB), 2016 WL 3920216, at \*9 (E.D.N.Y. July 14, 2016); *see also Barone*, 645 Fed. App'x at 14 (noting that the Second Circuit has "assumed without deciding that 'but for' causation is also required under the NYSHRL").

Special Counsel's failure to hire or refer Jablonski for placement is an adverse employment action; hence, the issue here is whether Jablonski pled sufficient facts to plausibly support "but-for" causality between her age and the failure to hire or refer her. She does not.

First, Jablonski alleges that Special Counsel used the ATS to exclude applications of those applicants who exceed the age of 40 based on the resumes, ranking younger applicants higher than older applicants, and that recruiters further reviewed the applicants' resumes to

6

further weed out older applicants. Am. Compl. ¶¶ 42, 44. The Complaint does not provide any facts that support this conclusion. *See Marcus v. Leviton Manufacturing Company, Inc.*, 661 Fed. App'x 29, 32 (2d Cir. 2016). Second, Jablonski alleges again in conclusory fashion that, had it not been for her age, she would not have been classified as NMQ and that no other person under the age of 40 is classified as NMQ based on an online search of placements and hires by Special Counsel. Again, these are just conclusions, and none of these conclusions are based on any documents from Special Counsel or statements from Special Counsel's current or past employees.

Third, Jablonski alleges that there was disparate treatment between her and significantly younger applicants. A plaintiff can raise an inference of discrimination based upon disparate treatment if the plaintiff demonstrates "more favorable treatment of employees not in the protected group." *Littlejohn*, 795 F.3d at 312. However, in doing so, a plaintiff "must show that she was similarly situated in all materials respects to the individuals with whom she seeks to compare herself." *Brown v. Daikin American Inc.*, 756 F.3d 219, 230 (2d Cir. 2014). Jablonski fails to do so here.

Jablonski alleges that eleven allegedly individuals under the age of 30 were referred or hired instead of Jablonski based on an online search of resumes and Linkedin profiles. Jablonski also speculates about the ages and identities of these individuals based on their profiles. However, Jablonski does not correlate the positions that she applied with the specific positions that she alleges Special Counsel filled with eleven allegedly younger applicants. In other words, Jablonski does not plead facts that establish that she applied for position X and position X was filled by one of those younger individuals. *See McManamon v. Shinseki*, No. 11 Civ. 7610 (PAE), 2013 WL 3466863, at *7 (S.D.N.Y. July 10, 2013) (dismissing ADEA claim where

plaintiff failed to allege "that a younger individual was hired for the position he sought or that the defendant continued seeking applicants for the position after it failed to hire him"); *Ndremizara v. Swiss Re American Holding Corp.*, 93 F. Supp. 3d 301, 317 (S.D.N.Y. 2015) (dismissing ADEA claim because "[p]laintiff has not plausibly pleaded that [d]efendant hired a younger applicant for the *same job* to which [p]laintiff applied" (emphasis added)). Without such details, it is not possible to tell if Jablonski was really similarly situated in all materials respects with these eleven allegedly younger candidates. *See Bohnet v. Valley Stream Union Free School Dist. 13*, 30 F. Supp. 3d 174, 180-81 (E.D.N.Y. 2013) (dismissing ADEA claims for lack of specificity where Plaintiff alleges that she applied for many positions while over the age of 40 and that the employer hired younger applicants for those positions), *aff'd* 594 Fed. App'x. 53 (2d Cir. 2015). Moreover, there is no allegation, beyond Jablonski's own speculation that recruiters could perceive the ages, that Special Counsel *knew* of the age difference between Jablonski and the individual who was hired for the position(s) she applied for. *Ndremizara*, 93 F. Supp. 3d at 311-312 (collecting cases). She merely asserts that other applicants hired or referred for placement by Special Counsel were younger and less qualified that her, which is "entirely conclusory, 'naked,' and 'devoid of further factual enhancement,' " and thus not entitled to a presumption that it is true. [1] *Ndremizara*, 93 F. Supp. 3d at 315–16 (S.D.N.Y. 2015) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, her ADEA and NYSHRL claims are dismissed.

Age Discrimination Claim under the NYCHRL (Fourth Cause of Action)

Claims under the NYCHRL must be analyzed "separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102,

---

[1] Jablonski's argument that Ellwood's request for a resume in chronological order raises an inference of discrimination is unavailing. Without any allegations that Ellwood made an ageist comment or knew of her age, her argument fails.

109 (2d Cir. 2013). Accordingly, "even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under broader New York City standards." *Id.*; *see also Bennett v. Time Warner Cable, Inc.*, 138 A.D.3d 598, 599 (N.Y. App. Div. 2016) (observing that New York courts have "held that provisions of the City Human Rights Law must be construed broadly in favor of plaintiffs alleging discrimination and assessed under more liberal standards, going beyond the counterpart state or federal civil rights laws").

Under the NYCHRL, it is unlawful "for an employer or employee or agent thereof, because of the actual or perceived age . . . of any person to refuse to hire or employ or to bar or to discharge from employment such person" and "for any employment agency or an employee or agent thereof . . . because of [a person's] actual or perceived age" to discriminate against such person "in receiving, classifying, disposing or otherwise acting upon applications for its services . . . or in referring an applicant or applicants for its services to an employer or employers." N.Y.C. Admin. Code § 8–107.1(a)-(b). To survive a motion to dismiss, plaintiffs asserting discrimination under the NYCHRL must plead facts sufficient to support an inference that they have "been treated less well at least in part *because of* a protected trait." *Bell v. McRoberts Protective Agency*, 15-CV-0963, 2016 WL 1688786, at \*4 (S.D.N.Y. Apr. 25, 2016).

Although claims under the NYCHRL are to be construed more liberally, Jablonski's claim fails to meet the requirements of the NYCHRL for similar reasons. Jablonski has alleged differential treatment, but not differential treatment between her and other similarly situated individuals. She has not alleged ageist comments by Ellwood or anything similar. Thus, without any allegations of discriminatory animus other than differential treatment, the inference that the differential treatment is attributable in part to discrimination would be based on speculation. *See*

9

*Szewczyk v. City of New York*, 15-civ-918 (MKB), 2016 WL 3920216, at \*12 (E.D.N.Y. July 14, 2016) (dismissing ADEA, NYSHRL, but not NYCHRL age discrimination claims in a failure to hire case where plaintiff alleged that (1) she was not provided a second interview, (2) younger candidates were provided a second interview, *and* (3) the interviewer questioned her about her age and ability to work with younger candidates). Because Jablonski has not pleaded facts linking her treatment to her age, her NYCHRL claim is dismissed.

Unemployment Discrimination under the NYCHRL (Fifth Cause of Action)

Under the NYCHRL, it is unlawful for any employer, employment agency, or agent thereof to base an employment hiring decision on an applicant's unemployment. N.Y.C. Admin. Code § 8–107.21. Because her Complaint is wholly speculative, Jablonski fails to state a claim. Jablonski alleges that her applications were rejected and that Special Counsel kept the jobs open for employed applicants, but provides no facts to support her conclusion. Jablonski also states that Special Counsel's website raises an inference of discrimination against unemployed applicants because the website states that Special Counsel "continuously reach out to legal professionals who are currently employed." Am. Compl. Ex. 3 (Defendant's Website Showing) at 1. Such a conclusion is also speculative. Accordingly, her unemployment discrimination claim is dismissed.

Unlawful Blacklisting (Ninth Cause of Action)

Under the NYCHRL, "[i]t is unlawful discriminatory practice . . . for any person to . . . blacklist . . . any person . . . because of such person's actual or perceived age . . . or citizenship status . . . " or "for any person willfully to do any act or refrain from doing any act which enables any such person to take such action." N.Y. City Admin. Code § 8–107.18. The provision is directed at curbing the types of business practices that involve the concerted use of economic

means to disadvantage the trade or commercial activities of a member of protected classes. *See*

*Scott v. Massachusetts Mut. Life Ins. Co.*, 86 N.Y.2d 429, 436 (N.Y. 1995) (discussing the

legislative intent behind the state law analogue, Executive Law §296 (13), of the NYCHRL

blacklisting statute).[2]

Jablonski's claim does not fall under the scope of the provision. Jablonski essentially

claims that she was not hired because she and another unidentified individual was coded NMQ

and therefore placed on a "blacklist" due to their age (over 40) and status as United States

citizens. The refusal to hire or place her (allegedly due to the placement on a blacklist) or the

codification of her as NMQ is not a business practice within the meaning of the statute. *See*

*Scott*, 86 N.Y.2d at 437. Further, she does not allege any plausible facts to show that the refusal

to hire or place her was part of a larger pattern of dealing or policy instituted by Special Counsel

to disadvantage those over 40 or those with U.S. citizenship. *Scott*, 86 N.Y.2d at 437.

Accordingly, her blacklisting claim is dismissed.

Negligence Claims (Tenth and Eleventh Causes of Action)

Jablonski brings a common law claim of negligence per se, alleging that Special Counsel

violated recordkeeping requirements imposed on employers and/or employment agencies under

the ADEA (29 C.F.R. §§ 1627.3, 1627.4), the New York GBL (§§179, 189(2)), the Immigration

Reform and Control Act (20 C.F.R. §656.17), the NYCHRL, and Title VII, that these violations

caused Special Counsel to misclassify Jablonski as NMQ, and that the classification prevented

her from being hired or referred. Generally, the violation of a statute that establishes a specific

safety duty constitutes negligence per se. *DiLallo v. Katsan Ltd. P'ship*, 134 A.D.3d 885, 886

(N.Y. App. Div. 2015). There is no doubt that these regulatory and statutory recordkeeping

---

[2] The NYCHRL and NYSHRL provisions are of the substantively similar.

obligations that Jablonski alleges were violated were not enacted with a public safety purpose in mind. Nor was the purpose of these recordkeeping obligations to protect Jablonski from the loss of a job opportunity. Thus, her claim for negligence per se fails.

Jablonski's negligence or gross negligence claims are similarly predicated upon statutory and regulatory recordkeeping obligations and for similar reasons also fail. Under New York law, "a plaintiff must establish three elements to prevail on a negligence claim: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Aegis Ins. Servs, Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 177 (2d Cir. 2013) (quoting *Alfaro v. Wal–Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir.2000)). The threshold question of the "existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts." *Sanchez v. New York*, 99 N.Y.2d 247, 252 (N.Y. 2002). The Court is not aware of any New York case law that recognizes a duty of care owed by an employer or employing agency to a job applicant in the handling of the applicant's application. Accordingly, Jablonski's negligence and gross negligence claims are dismissed.

Negligent Training (Twelfth Cause of Action)

Jablonski contends that there is a cause of action for negligent hiring as Special Counsel failed to train their employees adequately to guard against unemployment status, age, and citizenship discrimination. There is not. Under New York law, claims for negligent hiring, training, supervision, or retention do not move forward when the employee is acting within the scope of his or her employment thereby establishing an agency relationship. *Lee ex rel. Estate of Lee v. J.B. Hunt Transport, Inc.*, 308 F. Supp. 2d 310, 312 (S.D.N.Y. 2004). Jablonski's claim for negligent training of Special Counsel's employees fails because she does not allege that

Special Counsel's employees were acting outside of their employment. Instead, she alleges that

they were, in fact, acting "in the scope of [their] employment." *See* Am. Compl. ¶¶ 351, 383.

General Business Law Claims (Thirteenth and Fourteenth Causes of Action)

Jablonski also bring claims alleging deceptive trade practices and false advertising by

Special Counsel regarding its paralegal job requirements under GBL §§ 349 and 350

respectively. In order to plead a viable cause of action under both sections, plaintiff "must prove

three elements: (1) the challenged act or practice was consumer-oriented; (2) that it was

misleading in a material way; and (3) that the plaintiff suffered injury as a result of the deceptive

act." *Merck Eprova AG v. Brookstone Pharm., LLC*, 920 F. Supp. 2d 404, 425 (S.D.N.Y. 2013).

As a threshold matter, plaintiff must allege that the challenged conduct was "consumer oriented,"

*i.e.*, having "a broad impact on consumers at large and not just on the plaintiff." *Miller v. HSBC*

*Bank USA, NA.*, No. 13 Civ. 7500, 2015 WL 585589, at *8 (S.D.N.Y. Feb. 10, 2015).

The conduct here is not consumer-oriented as Jablonski's claims only implicate Special

Counsel's conduct towards Jablonski and (leniently interpreted) other prospective job applicants,

not the public in general. *See Grasso v. Chase Manhattan Bank*, No. 01 Civ. 4371, 2002 WL

575667, at *5 (S.D.N.Y. Apr. 17, 2002) (dismissing plaintiff's state law claims for deceptive

advertising for not alleging consumer-oriented conduct where plaintiff argued "that [employer's]

advertisments seeking prospective employment applicants were false because [plaintiff]

responded to such advertisement several times and was not hired"); *Grasso v. Forrest Edward*

*Employment Services*, 01 CIV. 3263, 2002 WL 989528, at *9 (S.D.N.Y. May 15, 2002) (similar).

Accordingly, Jablonski's false advertising and deceptive business practices claims are dismissed.

Defamation and Retaliation Claims (First, Sixth, Seventh, Eighth Claims)

Special Counsel seeks to dismiss libel and retaliation causes of action because the pleading fails to comply with Fed. R. Civ. P. 8(a)(2) and (d)(1), or alternatively, require Jablonski to replead the remaining counts in a manner consistent with Rule 8(a)(2).

Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must be concise "because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Shabtai v. Levande*, 38 Fed. App'x 684, 686 (2d Cir. 2002) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). As a result, courts have disfavored extremely lengthy pleadings. *See, e.g.*, *Blakely v. Wells*, 209 Fed. App'x 18, 20 (2d Cir. 2006) (affirming district court's dismissal of pleading that spanned 57 pages and contained 597 numbered paragraphs as "far from short and plain"); *Owens v. State of N.Y. Attorney General*, 10 Fed. App'x 34, 35 (2d Cir. 2001) (affirming district court's dismissal of fifty-five page amended complaint on grounds that it was "was neither short nor plain"); *Infanti v. Scharpf*, No. 06 CV 6552, 2008 WL 2397607, at *2-3 (E.D.N.Y. 2008) (dismissing complaint that spanned 90 pages, consisting of 500 numbered paragraphs and references to 124 pages of exhibits). Similarly, courts have also disfavored repetitious or incoherent pleadings. *See, e.g.*, *Blakely*, 209 Fed. App'x at 20 (affirming dismissal where, in addition to the length, "much of the complaint was incoherent and did not provide Defendants with fair notice of the claims asserted against them").

Here, the total complaint consists of 86 pages and 399 paragraphs exclusive of referenced exhibits. For the remaining causes of action, the libel and retaliation claims, there are 62 paragraphs. This is in addition to 190 paragraphs of preliminary, jurisdictional, and "facts

14

common to all claims." Due to its length and repetition, the pleadings are difficult to parse out and decipher. As such, the Court grants Special Counsel's request that Jablonski amend the complaint and replead the libel and retaliation claims with an eye towards brevity and conciseness.

## CONCLUSION

For the foregoing reasons, the Court dismisses the second, third, fourth, fifth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth causes of action. Plaintiff is afforded leave to replead the defamation (first) and retaliation (sixth, seventh, and eighth) claims within 45 days of the date of this Opinion and Order.

**Dated:**    **New York, New York**
             **September 28, 2017**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**