USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8-20-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERRI JABLONSKI,

         Plaintiff,

    -against-

SPECIAL COUNSEL, INC.,

         Defendant.
------------------------------------------------------------x

1:16-cv-05243 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Terri Jablonski brings this action against Defendant Special Counsel, Inc. pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), alleging that, *inter alia*, Defendant denied Plaintiff job interviews on the basis of her age.[1] After reviewing parties' submissions, the Court dismissed ten causes of action, and afforded Plaintiff leave to re-plead the remaining four causes of action. ECF No. 36 at 15. Plaintiff now files a Motion for Reconsideration of the Court's ruling in favor of Defendant's Motion to Dismiss as to causes of action two through five. ECF No. 37. For the foregoing reasons, Plaintiff's Motion for Reconsideration is **GRANTED** as to the Second, Third, and Fourth Causes of Action, but **DENIED** as to her Fifth Cause of Action. Plaintiff's request to amend the complaint to re-plead facts in the Amended Complaint as a new, separate cause of action is **GRANTED**.

---

[1] Plaintiff also brought claims under other statutory provisions and common law, but those claims are not raised in Plaintiff's Motion for Reconsideration.

1

## BACKGROUND

Familiarity with the underlying facts is presumed. As a brief overview, Plaintiff Terri Jablonski is a 49 year old paralegal. Am. Compl. ¶ 1. Defendant Special Counsel is a placement agency that provides temporary and project legal professionals. Plaintiff alleges that she applied for forty-one paralegal job openings at Special Counsel from August 2, 2013 to July 21, 2015 in the New York City, New Jersey, and White Plains areas and was never hired or referred for placement for any of those positions. *Id.* at ¶¶ 3, 31, 65. Plaintiff asserts that this was the result of several acts of Defendant.

According to Plaintiff, first, Defendant's Applicant Tracking System ("ATS"), which analyzes applicant's resumes for review by Special Counsel's recruiters, was used to screen out applicants that exceeded a certain age or were unemployed. *Id.* at ¶ 42. She claims recruiters used the ATS to rank younger applicants higher and older applicants lower, and despite Plaintiff's qualifications chose not to interview her due to her age. *Id.* at ¶¶ 44, 54.

Next, Defendant's Paralegal Placement Director, Michelle Ellwood requested that Jablonski submit a resume in chronological order, which Plaintiff claims was intended to "expose or verify how old she was" and that Plaintiff was unemployed, and that Ellwood was aware that Jablonski was over 40 years old. *Id.* ¶¶ 82-90. Though Plaintiff complied, she was not contacted, hired, or referred for placement by Special Counsel. *Id.* ¶¶ 92-93. Furthermore, Plaintiff asserts, based on an online search of resumes and LinkedIn profiles, that during the period that Plaintiff applied for jobs, Special Counsel hired applicants under the age of 30 with less qualifications than Jablonski. *Id.* at ¶¶ 135, 168-181.

## STANDARD OF REVIEW

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). A court will grant such a motion only where the party seeking reconsideration "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

The decision to grant or deny a motion for reconsideration is committed to the sound discretion of the district court, but, in exercising that discretion, the court "must be mindful that a motion for reconsideration is not favored and is properly granted only upon a showing of exceptional circumstances." *Boyd v. J.E. Robert Co.*, No. 05-cv-2455 (KAM) (RER), 2013 WL 5436969, at *2 (E.D.N.Y. Sept. 27, 2013) (quoting *Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010)) (internal quotation marks omitted), *aff'd*, 765 F.3d 123 (2d Cir. 2014).

## DISCUSSION

### I. Age Discrimination

Plaintiff argues that the Court assessed Plaintiff's age discrimination claims under the wrong pleading standard. Pl.'s Reply Supp. Mot. Recons. 2-5, ECF No. 43. Though Plaintiff's arguments here should have been raised in its original opposition to Defendant's Motion to

Dismiss,[2] Plaintiff has identified controlling law that would have altered the Court's decision as to the plausibility of Plaintiff's claims related to her Second, Third, and Fourth Causes of Action.

The Second Circuit has noted that while "[t]he pleading standard for employment discrimination complaints is somewhat of an open question in our circuit," a plaintiff pleading discrimination need not "plead a prima facie case under the *McDonnell–Douglas* framework which [requires] the plaintiff to show '(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination.' *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 515). All that is required is for a plaintiff to "meet the standard of pleading set forth in *Twombly* and *Iqbal*." *Id.*

When applying *Twombly* to discrimination claims, the Second Circuit has held that there is no requirement under Rule 8(a) that plaintiffs plead specific facts. *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (citing *Twombly*, 550 U.S. at 570) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). In other words, the allegations in "the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a *minimal* inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis added).

In light of this relatively low pleading standard, several district courts considering discrimination cases have denied motions to dismiss complaints where plaintiffs provided only

---

[2] Plaintiff bases her arguments in her Reply, in part, on *Kunik v. New York City Dep't of Educ.*, No. 15-CV-9512 (VSB), 2017 WL 4358764, at *10 (S.D.N.Y. Sept. 29, 2017), incorrectly characterizing it as "intervening law." *See Camreta v. Greene*, 563 U.S. 692, 709 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (internal citation omitted). Though *Kunik* was decided after the Court's Order Granting Defendant's Motion to Dismiss, ECF No. 36, the cases upon which *Kunik* derives its holding were decided well before Plaintiff filed her opposition. *See Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 495 (E.D.N.Y. 2016); *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 471 (S.D.N.Y. 2013).

minimal evidence of more favorable treatment of employees who were not in the protected group. *See, e.g., Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 471 (S.D.N.Y. 2013) (finding plausible inference of discrimination even though plaintiffs allegations were "thin on specifics—both as to how each comparator is similarly situated to [plaintiff] and what disparate treatment he or she was subjected to," but where plaintiff identified comparators who may have been treated differently due to their age); *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 495 (E.D.N.Y. 2016) (finding plausible inference of discrimination even though plaintiff did not "specifically identify the national origin or religion of the engineer who plaintiff alleges received a promotion instead of him or of the other comparators he alleges received overtime and disproportionately lighter workloads" because plaintiff identified "the engineer promoted by name and he claims that comparators were engineers who were accountable to the same supervisors."). Moreover, the Second Circuit has emphasized that pleadings based upon information and belief can be sufficient in discrimination cases as relevant records of persons who were not members of the protected class are likely in the knowledge and control of the defendant. *Boykin*, 521 F.3d at 215.

The analysis for discrimination claims brought under federal statutes applies to claims brought under the NYSHRL. *Szewczyk v. City of New York*, No. 15-CV-918 (MKB), 2016 WL 3920216, at *4 (E.D.N.Y. July 14, 2016) (citing *Vargas v. Morgan Stanley*, 438 F. App'x 7, 9 (2d Cir. 2011)) (citing *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305, 819 N.E.2d 998, 1007 (2004)). Claims brought pursuant to NYCHRL, on the other hand, "are to be evaluated separately from federal and state law claims and given liberal, independent construction." *Gorokhovsky v. New York City Hous. Auth.*, 552 F. App'x 100, 101 (2d Cir. 2014). Applying the liberal construction required under the NYCHRL, the Second Circuit in *Gorokhovsky* reversed

the district court and held that plaintiff stated a plausible claim even though he did "not identify any individuals promoted in his stead or provide any basis for his belief that those hired were younger or non-minority." *Gorokhovsky v. City of New York*, No. 10 CIV. 8848 LBS, 2011 WL 2019423, at *7 (S.D.N.Y. May 19, 2011), *aff'd in part, rev'd in part sub nom. Gorokhovsky v. New York City Hous. Auth.*, 552 F. App'x 100 (2d Cir. 2014). Hence the pleading standard for discrimination claims under the NYCHRL is even lower than the standard under federal law.

Here, Plaintiff has alleged discrimination due to her age in violation of the ADEA, NYSHRL, and the NYCHRL. Plaintiff first asserts that Defendant used the ATS to filter out older candidates in favor of younger ones. To support this argument, Plaintiff provided Hiring Reports from Career Builder, a website where Defendant lists job postings, to show that Defendant set the "Experience" parameter to no experience required even though its job posting stated otherwise. Am. Compl. Ex. 3 at 9-15, ECF No. 24-3. Plaintiff asserts that this would have the effect of filtering candidates by their relative age. Put another way, Plaintiff has shown that Defendant had an "Experience" parameter that was inconsistent with the requirements of the job posting, and that "Experience" may have been be used by Defendant to filter candidates by their age.

Defendant in support of its Motion to Dismiss argued that there was no factual support in the pleadings that any of Defendant's recruiters did such a thing. Def.'s Mem. Supp. Mot. Dismiss 5, ECF No. 29. This, however, is a factual determination that is better reserved for summary judgment or trial. At the pleading stage, Plaintiff has alleged enough to state a claim under prevailing law. *See Boykin*, 521 F.3d at 214–15 (pleadings were sufficient where complaint alleging race and gender discrimination stated plaintiff was an African-American woman who upon information and belief was denied a loan due to her race and gender as she

was denied a loan even though she met all the lender's requirements and was treated less favorably than non-minority loan applicants in myriad ways).

Plaintiff further supported her claim of age discrimination by providing a list of comparators. Plaintiff identified eleven comparators via LinkedIn whose profiles provided Plaintiff with circumstantial evidence of Defendants hiring individuals who were similarly situated to her, but who were younger. Unlike *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 316 (S.D.N.Y. 2015), where plaintiff provided no details about comparators including when they were hired, their experience, or their ages, here Plaintiff identifies comparators by name, and has circumstantial evidence of their ages (based on college graduation dates) and relative work experience (based on employment history).

In support of its Motion to Dismiss, Defendant provided specific factual information that casts doubt on whether Plaintiff's list of comparators were in fact similarly situated, and whether they were younger and less qualified than Plaintiff. Def.'s Mem. Supp. Mot. Dismiss 6-7; 10, ECF No. 29. Though Defendant may be correct, these are questions of fact that are not appropriately resolved at the pleadings stage. *See, e.g., Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("Ordinarily, the question whether two employees are similarly situated is a question of fact for the jury."); *Kunik v. New York City Dep't of Educ.*, No. 15-CV-9512 (VSB), 2017 WL 4358764, at *9 (S.D.N.Y. Sept. 29, 2017) ("Although Defendants may ultimately be able to show that [plaintiff's] comparators were not similarly situated . . . or that they did not have discriminatory intent, these questions should not be resolved at the pleadings stage."); *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 471 (S.D.N.Y. 2013) (defendant "may well be correct that the comparators identified by [plaintiff] were not similarly

situated in all material respects, or did not suffer discriminatory treatment, but that is an issue that cannot be resolved on the pleadings.").

In light of the pleading standard articulated above, both Plaintiff's allegations regarding Defendant's use of the ATS and Plaintiff's list of comparators plausibly support a minimal inference of discriminatory motivation. Therefore, they are sufficient to state a claim under the ADEA, the NYSHRL, and under the more liberally construed NYCHRL.

## II. Employment Status Discrimination

Conversely, Plaintiff's Fifth Cause of Action, which alleges discrimination based on employment status, does not survive even under the liberal construction of the NYCHRL. Plaintiff alleges three bases for this claim: (1) the Career Builder Hiring Reports indicate that Plaintiff was unemployed and ranked her less favorably as a result; (2) Defendant's website states that they employ an "Executive Hiring Model" that reaches out legal professionals who are currently employed and who are not actively seeking new opportunities; and (3) Defendant's Paralegal Placement Director Michelle Elwood requested that Plaintiff rewrite the work experience section of her resume in chronological order, allegedly as a means to "expose the gaps in employment." Pl.'s Mem. Supp. Mot. Recons. 18, ECF No. 37-1. Additionally, Plaintiff raises a threshold jurisdictional challenge and asserts that the Court should have declined jurisdiction over this cause of action after dismissing her federal causes of action because New York State Courts have not yet interpreted and applied NYCHRL in an employment status discrimination case. Plaintiff asserts that this raises potential *Erie* concerns. *Id.* at 18-19.

Considering Plaintiff's jurisdictional argument first, the Court finds no error in its previous dismissal of Plaintiff's NYCHRL claims. As 28 U.S.C. § 1367(a) makes clear, district

courts may exercise supplemental jurisdiction over claims arising out of state law so long as they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Exercise of supplemental jurisdiction is a favored practice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (noting that the supplemental jurisdiction statue codifies "principles of economy, convenience, fairness, and comity") (internal citation and quotations omitted). There was no question here that the Court was within its powers to exercise supplemental jurisdiction over Plaintiff's NYCHRL claims.

But, Plaintiff asserts that upon dismissal of her underlying federal claims, the Court should have declined to exercise supplemental jurisdiction so as to avoid potential *Erie* problems where the state courts have yet to interpret the law at issue. *See generally Szewczyk v. City of New York*, No. 15-CV-2468, 2016 WL 4742316, at *6 (S.D.N.Y. Sept. 9, 2016), *appeal dismissed* (Dec. 5, 2016) (declining jurisdiction over employment status discrimination claims under the NYCHRL due to the uniqueness of the statute, the "paucity of relevant case law[,] and lack of federal claims").

When faced with claims brought under state law, the Supreme Court has held that federal courts "ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) (citing *Erie Railroad Co. v. Tompkins*, supra, 304 U.S. 78, 58 (1938)). The Second Circuit did exactly this in interpreting what is required to bring a claim for relief under §8–107(1)(a) of the NYCHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (analyzing legislative history of §8–107(1)(a) and holding that NYCHRL claims must be analyzed separately from federal and state law claims, must be construed liberally in favor of plaintiffs, and only requires plaintiffs to "demonstrate 'by a preponderance of the evidence that she has

courts may exercise supplemental jurisdiction over claims arising out of state law so long as they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Exercise of supplemental jurisdiction is a favored practice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (noting that the supplemental jurisdiction statue codifies "principles of economy, convenience, fairness, and comity") (internal citation and quotations omitted). There was no question here that the Court was within its powers to exercise supplemental jurisdiction over Plaintiff's NYCHRL claims.

But, Plaintiff asserts that upon dismissal of her underlying federal claims, the Court should have declined to exercise supplemental jurisdiction so as to avoid potential *Erie* problems where the state courts have yet to interpret the law at issue. *See generally Szewczyk v. City of New York*, No. 15-CV-2468, 2016 WL 4742316, at *6 (S.D.N.Y. Sept. 9, 2016), *appeal dismissed* (Dec. 5, 2016) (declining jurisdiction over employment status discrimination claims under the NYCHRL due to the uniqueness of the statute, the "paucity of relevant case law[,] and lack of federal claims").

When faced with claims brought under state law, the Supreme Court has held that federal courts "ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) (citing *Erie Railroad Co. v. Tompkins*, supra, 304 U.S. 78, 58 (1938)). The Second Circuit did exactly this in interpreting what is required to bring a claim for relief under §8–107(1)(a) of the NYCHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (analyzing legislative history of §8–107(1)(a) and holding that NYCHRL claims must be analyzed separately from federal and state law claims, must be construed liberally in favor of plaintiffs, and only requires plaintiffs to "demonstrate 'by a preponderance of the evidence that she has

courts may exercise supplemental jurisdiction over claims arising out of state law so long as they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Exercise of supplemental jurisdiction is a favored practice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (noting that the supplemental jurisdiction statue codifies "principles of economy, convenience, fairness, and comity") (internal citation and quotations omitted). There was no question here that the Court was within its powers to exercise supplemental jurisdiction over Plaintiff's NYCHRL claims.

But, Plaintiff asserts that upon dismissal of her underlying federal claims, the Court should have declined to exercise supplemental jurisdiction so as to avoid potential *Erie* problems where the state courts have yet to interpret the law at issue. *See generally Szewczyk v. City of New York*, No. 15-CV-2468, 2016 WL 4742316, at *6 (S.D.N.Y. Sept. 9, 2016), *appeal dismissed* (Dec. 5, 2016) (declining jurisdiction over employment status discrimination claims under the NYCHRL due to the uniqueness of the statute, the "paucity of relevant case law[,] and lack of federal claims").

When faced with claims brought under state law, the Supreme Court has held that federal courts "ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule." *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940) (citing *Erie Railroad Co. v. Tompkins*, supra, 304 U.S. 78, 58 (1938)). The Second Circuit did exactly this in interpreting what is required to bring a claim for relief under §8–107(1)(a) of the NYCHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (analyzing legislative history of §8–107(1)(a) and holding that NYCHRL claims must be analyzed separately from federal and state law claims, must be construed liberally in favor of plaintiffs, and only requires plaintiffs to "demonstrate 'by a preponderance of the evidence that she has

been treated less well than other employees" due to her membership in a protected class) (citing *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 929 N.Y.S.2d 259, 264 (2d Dep't 2011)).

In its original decision, the Court applied the Second Circuit's analysis of the NYCHRL in dismissing Plaintiff's NYCHRL claims. *See* Order Granting Def.'s Mot to Dismiss 9-10, ECF No. 36. Accordingly, dismissal was appropriate. *Szewczyk* is distinguishable because the plaintiff in that case brought claims against the City of New York for employment status discrimination, which raised questions as to whether the City would have "trouble complying with its own vexing regulation," and whether the "the statutory safe harbor allowing employers to question a candidate's employment history if there is a 'substantially job-related reason' for the consideration" applied. *Szewczyk* 2016 WL 4742316, at *6.

As the Court has now reconsidered and denied Defendant's Motion to Dismiss Plaintiff's age discrimination claims, thus, sustaining Plaintiff's federal claims, the Court may (and will) exercise supplemental jurisdiction over her NYCHRL claims as they arise from the same nucleus of facts. The Court does not find that Plaintiff has provided any bases for reconsideration of this cause of action even in light of the liberal construction afforded to Plaintiff under NYCHRL. Plaintiff's allegations of employment status discrimination based on the Hiring Report does not state a claim, as it only shows that Defendant received demographic information regarding applicants generally, not about any specific applicant. But more importantly, there is no suggestion that Defendant filtered by employment status, distinguishing it from the facts noted above suggesting they may have used an "Experience" parameter to filter applicants by age.

Next, Plaintiff's allegation of discrimination based on Defendant's website is equally unavailing. There is nothing indicating that Defendant only considers employed applicants. The

search model only states that they reach out to employed applicants, not that they do not refer presently unemployed individuals to firms seeking employees.

Finally, it is not clear why requiring Plaintiff to indicate work experience on her resume in chronological order raises an inference of discrimination. There is no evidence of Elwood's underlying motivation in making this request, discriminatory or otherwise. Moreover, not only is this a seemingly neutral request, but chronological resumes are standard fare. Even in combination with the other arguments Plaintiff makes for employment status discrimination, these circumstance do not plausibly state a claim of employment status discrimination. As such, Plaintiff's Fifth Cause of Action is dismissed for failure to state a claim.

### III. Leave to Amend

Plaintiff requests leave to amend the Amended Complaint to re-plead certain claims in her Amended Complaint as violations of the record keeping requirements under the ADEA, 29 U.S.C. § 626(c), and N.Y. Gen. Bus. Law §§ 350(e)(3) and 349(h). The Court has discretion to "grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Given that the claims being re-plead as a separate cause of action were already presented in the Amended Complaint, the Court sees no undue prejudice to Defendant should it grant Plaintiff's request and finds no other good reason to deny Plaintiff leave to amend. *See e.g., id.* ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) ("[O]nly undue prejudice warrants denial of leave to amend."). Accordingly, Plaintiff is granted leave to amend claims articulated in paragraphs 351-380 of her Amended Complaint.

In light of this order, the Court would like to remind Plaintiff's counsel, who appears to have been admitted to practice in 1994, that Fed R. Civ. P 8(a) requires complaints to be composed of "short and plain statement[s]." It is within the discretion of the Court to wholesale dismiss pleadings that violate this requirement. *See Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) (holding that district court was "within bounds of discretion to strike or dismiss complaint for noncompliance with Rule 8" where complaint spanned "15 single-spaced pages," and contained "a surfeit of detail."). Plaintiff's Amended Complaint contains 399 paragraphs and is 86 pages *before exhibits*. The Court has labored intensely to parse Plaintiff's Amended Complaint and motion papers. Plaintiff is cautioned to carefully amend her pleadings to better comport with these requirements.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration is **GRANTED** as to her Second, Third, and Fourth Causes of Action, but **DENIED** as to her Fifth Cause of Action. Plaintiff is **GRANTED** forty-five days from the date of this order to amend the complaint consistent with this order, as well as the Court's previous order regarding her First, Sixth, Seventh, and Eighth Causes of Action. Order Granting Def.'s Mot to Dismiss 14, ECF No. 36. The Court recommends that Plaintiff also edit, i.e., pare down and make concise, the allegations underlying Second, Third, and Fourth Causes of Action.

**SO ORDERED.**

Dated: August 20, 2018
New York, New York

ANDREW L. CARTER, JR.
United States District Judge