USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/25/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**TERRI JABLONSKI,**

                  **Plaintiff,**

      **-against-**

**SPECIAL COUNSEL, INC.,**

                  **Defendant.**

**1:16-cv-05243 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Terri Jablonski brings suit against Special Counsel, Inc. alleging claims of discrimination, retaliation, libel and breach of recordkeeping duties. *See* Third Am. Compl., ECF No. 59. Before the Court is Plaintiff's motion to strike all of Defendant's affirmative defenses and Defendant's use of the term unintelligible throughout its Amended Answer. *See* Mot. Strike, ECF No. 88. For the reasons set forth below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part. Additionally, Plaintiff's motion for sanctions is **DENIED** and Defendant is **GRANTED** leave to amend its Amended Answer.

## BACKGROUND

      Beginning on August 2, 2013, Plaintiff, who at the time was 46 years old, applied via various hiring websites to paralegal jobs available at the Defendant's New York City, White Plains and New Jersey locations. Third Am. Compl. ¶ 49-59. Plaintiff alleges that individuals in charge of paralegal recruiting at the Defendant failed to register her application or refer her to clients. *Id.* ¶ 70. On November 26, 2014, Plaintiff sent Defendant a letter requesting the names of the individuals who were hired for the jobs she applied to and their respective ages. *Id.* ¶ 71. Plaintiff then alleges the Defendants entered the designation "NMQ" (not minimally qualified) on her profile in attempt to punish her for sending the letter and prevent recruiters from hiring her. *Id.* ¶ 75.

On April 6, 2015, Plaintiff filed a citizenship discrimination charge before the U.S. Office of the Chief Administrative Hearing Officer ("OCAHO"). *Id.* ¶ 100. Plaintiff alleges Defendant responded to the OCAHO charge on June 8, 2015, explaining Plaintiff did not want an interview. *Id.* ¶ 77. Following this response, Plaintiff alleges the Defendant for the first time mentioned Plaintiff lacked minimum qualifications. *Id.* Then, on June 22, 2015, Plaintiff sent Defendant a letter, indicating her intent to file a Complaint under Title VII and the ADEA with the EEOC. *Id.* During this time, Plaintiff continued to apply to paralegal positions, applying for three positions from April to July of 2015. *Id.* ¶ 77, 80. The Defendant rejected Plaintiff from said positions, which remained opened thereafter. *Id.* 81. Ultimately the positions were filled by individuals who Plaintiff alleges were less qualified and 20 years younger. *Id.* ¶ 82–99.

Defendant includes the following eighteen defenses in its Amended Answer.

- **FIRST DEFENSE:** The Complaint fails to state a claim upon which relief may be granted.

- **SECOND DEFENSE:** Plaintiff has failed to exhaust her administrative remedies for some or all of her claims.

- **THIRD DEFENSE:** Plaintiff's claims are barred by the doctrine of collateral estoppel.

- **FOURTH DEFENSE**: Plaintiff's claims are barred by the doctrine of waiver.

- **FIFTH DEFENSE:** Some or all of Plaintiff's claims are barred because any treatment of Plaintiff was at all times based on factors other than any protected characteristic or protected activity engaged in by Plaintiff.

- **SIXTH DEFENSE:** Some or all of Plaintiff's claims are barred because any treatment of Plaintiff was at all times based on reasonable, legitimate and non-discriminatory reasons and these reasons cannot be shown to be pretext for discriminatory animus.

- **SEVENTH DEFENSE:** At all relevant times, Special Counsel engaged in good faith efforts to comply with the law.

- **EIGHTH DEFENSE:** Some or all of the relief sought by Plaintiff is barred because Special Counsel took no action with malice, bad faith or with willful or reckless indifference or disregard for any protected rights of Plaintiff.

- **NINTH DEFENSE:** Plaintiff suffered no damages attributable to any actions by Special Counsel.

- **TENTH DEFENSE:** Some or all of Plaintiff's claims for damages are barred to the extent Plaintiff has failed to mitigate her alleged damages, her entitlement to which is expressly denied.

- **ELEVENTH DEFENSE:** Some or all of Plaintiff's claims for damages should be denied to the extent she received wages and other income during the relevant time period.

- **TWELFTH DEFENSE:** Plaintiff is not entitled to attorneys' fees, costs or expenses.

- **THIRTEENTH DEFENSE:** Plaintiff's claims are barred to the extent they were not set forth in her administrative charge.

- **FOURTEEN[TH] DEFENSE:** Plaintiff's claims are barred to the extent she failed to file an EEOC charge within 300 days of the alleged discriminatory or retaliatory actions.

- **FIFTEENTH DEFENSE:** Plaintiff's claims for damages or relief are barred as they are speculative in nature.

- **SIXTEENTH DEFENSE:** All standards and criterion used by Special Counsel are job related and consistent with business necessity.

- **SEVENTEENTH DEFENSE:** Plaintiff's claims are barred to the extent that there is no private right of action under the applicable statutes.

- **EIGHTEENTH DEFENSE:** Upon information and belief, in or about February 1999, Plaintiff was difficult during the interview process for potential assignment and in completing the paperwork required by a predecessor company to Defendant. Upon information and belief, in or about February 1999, the predecessor company also received a terrible reference as to Plaintiff's work. Upon information and belief, on or about February 23, 1999, as a result these issues, the recruiter at Defendant's predecessor company entered "NMQ (Not Minimally Qualified)" or an equivalent code as to Plaintiff's Availability Status section in her candidate profile. Plaintiff's candidate profile with the February 23, 1999 information was eventually incorporated into Defendant's system for tracking candidates. Accordingly, some or all of Plaintiff's claims are time barred by virtue of the applicable statutes of limitations.

Am. Answer at 11–14.

## STANDARD OF REVIEW

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> In order to prevail on a motion to strike [an affirmative defense], a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.

*GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *S.E.C. v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y. 1999)). The Second Circuit has recently clarified the first factor, holding "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense," such that a party must "support [its] defenses with some factual allegations to make them plausible." *Id.* at 98–99. However, the Second Circuit recognized that "applying the plausibility standard to any pleading is a 'context-specific' task." *Id.* at 98 (citations omitted); *see also State St. Glob. Advisors Tr. Co. v. Visbal*, No. 1:19-CV-01719-GHW, 2020 WL 71162, at *15–25 (S.D.N.Y. Jan. 3, 2020). Accordingly, in determining whether to apply plausibility standard or a relaxed version courts should consider both (1) the limited period of time a pleader of an affirmative defense has relevant to the pleader of the complaint; and (2) the "nature of the affirmative defense," i.e. whether factual support is readily available. *Id.* at 98.

## DISCUSSION

### I. Motion to Strike

As a preliminary matter, Plaintiff's motion to strike is **DENIED** as to Defendant's use of the term "unintelligible." Pursuant Rule 8(b)(5) "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

#### a. Eighth and Seventeenth Affirmative Defenses

Although Plaintiff moves to strike all of Defendant's affirmative defenses, Plaintiff's opening brief makes no arguments to support striking the eighth (bad faith) and seventeenth

defenses (no private right of action); so, the Court need not consider Plaintiff's motion as to those claims.[1] *See Haley v. Teachers Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, n. 12 (S.D.N.Y. 2019) (citing *See Bertuglia v. City of New York*, 839 F.Supp.2d 703, 737 (S.D.N.Y. 2012)) ("Because the application of this exemption to the § 406(a)(1)(B) claim was raised for the first time in the reply brief, the Court does not consider it."). Because the moving party bears the burden on a motion to strike, *see GEOMC*, 918 F.3d at 96, and Plaintiff fails to raise any arguments in support of striking the eight and seventeenth affirmative defenses in her opening brief, Plaintiff's motion to strike is **DENIED** as to the eighth and seventeenth affirmative defenses.

### b. The Second, Third, Fourth, Thirteenth, Fourteenth and Sixteenth Affirmative Defenses

Defendant's second (administrative exhaustion), third (collateral estoppel), fourth (waiver), thirteenth (failure to include in administrative charge), fourteenth (failure to timely file administrative complaint) and sixteenth (business necessity) affirmative defenses are subject to the plausibility standard because they involve facts that should be known to the defendant. *See GEOMC Co.*, 918 F.3d at 98. However, Defendant fails to provide any factual support for the aforementioned defenses; hence, Plaintiff satisfies the first factor. *See Car-Freshner Corp. v. Just Funky LLC*, No. 519CV0289, 2019 WL 6270991, at *4–*6 (N.D.N.Y. Nov. 25, 2019) (finding Defendant had not plausibly pled equitable estoppel, waiver and good faith defenses where the defendant did not provide any factual basis to support such defenses); *see also Knight MPIC Ventures, LLC v. Higginson*, No. 18 CIV. 8126, 2020 WL 550654, at *7–8 (S.D.N.Y. Feb. 4, 2020) (granting a motion to strike affirmative defenses of waiver and estoppel where the

---

[1] Although the Eighth defense is listed in Plaintiff's table of contents, Plaintiff does not make any arguments in the body of her memorandum to support striking this defense.

defendant did not provide any evidence to support such a defense). By extension, because these defenses are factually insufficient, Plaintiff has demonstrated prejudice, satisfying the third factor. *See GEOMC Co.*, 918 F.3d at 98–99; *see also Car-Freshner Corp.*, 2019 WL 6270991, at *3–*10 (finding prejudice resulted where Defendant's defenses were not plausibly alleged).

Plaintiff additionally satisfies the second factor. The Second Circuit in *GEOMC* confirmed, "the second factor identified in *McCaskey* needs no revision." 918 F.3d at 98. As such, "a motion to strike should not be used as an opportunity for the determination of disputed, substantial questions of law." *E.E.O.C. v. Kelley Drye & Warren, LLP*, No. 10 CIV. 655 LTS MHD, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011) (quoting *Salcer v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds,* 471 U.S. 1098 (1986).

Here, Defendant's affirmative defenses do not raise disputed, substantial questions of law. *See e.g.*, *Washington v. New York City Dep't of Educ.*, 740 F. App'x 730, 732 (2d Cir. 2018) (citations and internal quotation marks omitted) ("The doctrine of collateral estoppel bars re-litigation of a legal or factual issue that was previously decided where: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits."); *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015) (citations and internal quotation marks omitted) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII ... statutory scheme[ ]; accordingly, it is a precondition to bringing such claims in federal court."); *Lamberti v. Motorola Sols., Inc.*, 604 F. App'x 64, 65 (2d Cir. 2015) (citations and internal quotation marks omitted) ("Both Title VII and the ADEA will permit enforcement of an employee's waiver of statutory claims against his employer only if

the waiver is knowing and voluntary."); *Farren v. Shaw Envtl., Inc.*, 510 F. App'x 44, 46 (2d Cir. 2013) (plaintiff's "failure to raise the disparate-treatment claim in his administrative complaint precludes our consideration of that claim here."); *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 382 (2d Cir. 2006) (citation and internal quotations omitted) ("the defendant may rebut a plaintiff's prima facie showing by demonstrat[ing] that the challenged practice is job related for the position in question and consistent with business necessity."); *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) (citations omitted) ("Under Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC."). Further, because Defendant fails to plausibly allege any factual support for these defenses, the Court cannot determine if any of the elements needed to prove such defenses have been satisfied. *See GEOMC Co.*, 918 F.3d at 98 ("[A]n affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims."). Plaintiff's motion is therefore **GRANTED** as to these defenses.

### c. First, Fifth and Sixth Affirmative Defenses

Defendant's first (failure to state a claim), fifth (treatment based on other factors) and sixth (treatment based on reasonable, legitimate and non-discriminatory reasons) affirmative defenses are subject to the plausibility standard. Similar to the section above, these defenses involve factual information likely readily available to the Defendant. Although the language of these defenses are, as Plaintiff points out, boilerplate, there is sufficient factual support elsewhere in Defendant's Amended Answer, such that these defenses are plausibly pled. For example, Defendant indicates Plaintiff received a negative job reference and that Plaintiff's profile included the NMQ designation. Such factual allegations are sufficient to put Plaintiff on notice of Defendant's rationale for not hiring her. Additionally, should Defendant succeed in

demonstrating that its failure to hire Plaintiff was based on reasonable, legitimate and non-discriminatory reasons, Plaintiff's discrimination and retaliation claims would fail. *See McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802–04 (1973); *see also Downey v. Adloox, Inc.*, 789 F. App'x 903, 905 (2d Cir. 2019). Lastly, because the Court finds that the first, fifth and sixth affirmative defenses are plausibly pled and would present legally valid defenses, Plaintiff cannot demonstrate prejudice. As the Second Circuit explained in *GEOMC Co.* "[a] factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation. A defendant with such a defense is entitled to a full opportunity to assert it and have it adjudicated before a plaintiff may impose liability." 918 F.3d at 98 (citations omitted). Plaintiff's motion to strike as to the first, fifth and sixth defenses therefore is **DENIED.**

### d. Tenth and Eleventh Affirmative Defenses

Defendant's tenth (failure to mitigate) and eleventh (wages) affirmative defenses are subject to a relaxed plausibility standard since the factual allegations necessary to support such defenses are likely not readily available to Defendant. Accordingly, the fact that these defenses appear to be conclusory is not fatal. Additionally, these defenses could succeed. Contrary to Plaintiff's position, failure to mitigate and reduction in damages due to wages defenses apply in the context of failure to hire claims. *See e.g.*, *Halpert v. Manhattan Apartments, Inc.*, No. 04 CIV. 1850, 2011 WL 5928782, at *4 (S.D.N.Y. Nov. 29, 2011); *see also United States v. City of New York*, 847 F. Supp. 2d 395, 426–27 (E.D.N.Y. 2012). Because these defenses are legally valid, the Court finds Plaintiff fails to establish prejudice. Accordingly, Plaintiff's motion to strike the tenth and eleventh defense is **DENIED.**

### e. Eighteenth Affirmative Defense

Defendant' eighteenth (statute of limitations) affirmative defense is subject to the plausibility standard. As articulated in *GEOMC*, factual allegations necessary to support such defenses are generally readily available to a defendant. 918 F.3d at 96. Additionally, there are no substantial, disputed questions of law concerning the ADEA and Title VII's statutes of limitations such that Plaintiff satisfies the second element. "Plaintiffs asserting claims under Title VII . . . [or] the ADEA . . . must first file a complaint with the Equal Employment Opportunity Commission (EEOC) or an equivalent state agency within 300 days of the allegedly discriminatory action." *Gindi v. New York City Dep't of Educ.*, 786 F. App'x 280, 282 (2d Cir. 2019) (citations omitted). Further, within this Circuit, the statute of limitations accrues when a plaintiff learns about the discriminatory conduct. *See Zoulas v. New York City Dep't of Educ.*, 400 F. Supp. 3d 25, 49 (S.D.N.Y. 2019) (citations omitted) ("A claim of employment discrimination under the ADEA accrues for statute of limitations purposes on the date the employee learns of the employer's discriminatory conduct"); *Fitchett v. City of New York,* No. 18 CIV. 8144, 2019 WL 3430726, at *6 (S.D.N.Y. July 30, 2019) *(quoting Cornwell v. Robinson,* 23 F.3d 694, 703 (2d Cir. 1994)) ("Under Title VII, 'a claim generally accrues once the plaintiff knows or has reason to know of the injury which is the basis of his action,' but the continuing violation doctrine supplies an exception.").

Here, Defendant supports its statute of limitations defense with numerous factual allegations, indicating that the NMQ designation was entered in Plaintiff's profile by its predecessor on February 23, 1999. However, Defendant fails to allege whether Plaintiff had access to such information and more importantly, when Plaintiff learned about this designation. As such, Defendant's state of limitations defense is not plausibly plead and Plaintiff satisfies the first element. Because these defenses are not plausibly pled, and by extension legally

9

insufficient, Plaintiff demonstrates sufficient prejudice, satisfying the third element. Plaintiff's motion to strike the eighteenth defense is therefore **GRANTED.**

### f. Seventh, Ninth, Twelfth and Fifteenth Affirmative Defenses

Defendants seventh (good faith), ninth (damages causation), twelfth (attorneys' fees) and fifteenth (speculative damages) affirmative defenses appear to negate elements of Plaintiff's claims. The Court will thus treat these affirmative defenses as specific denials. *See Sesto v. Slaine*, 171 F. Supp. 3d 194, 206 (S.D.N.Y. 2016) ("The affirmative defenses numbered 2, 20, 30, and 31 are converted to specific denials."); *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, No. 16 CIV. 2767, 2016 WL 6906583, at *8 (S.D.N.Y. Nov. 21, 2016) (citations omitted) ("This Court, however, will not strike Defendants' breach of contract defenses, but instead, treat them as specific denials."); *see also Cent. New York Laborers' Health v. JWJ Indus., Inc.*, No. 512CV1319, 2015 WL 12564221, at *15 (N.D.N.Y. Mar. 5, 2015) (citations omitted) ("These defenses appear aimed at negating an element of plaintiffs' claim of liability and their inclusion is not prejudicial. . . . Thus, the Court cannot say there are no questions of fact or law that might allow defendants to succeed. Accordingly, plaintiffs' motion to strike the fifth, sixth and twelfth affirmative defenses is denied."). Plaintiff's motion to strike is therefore **DENIED** as to Defendant's Seventh, Ninth, Twelfth and Fifteenth defenses.

## II. Sanctions

A party may be subject to sanctions under Rule 11 for making frivolous claims in a pleading. Fed. R. Civ. P. 11(b) and (c). Rule 11(c) includes a safe harbor provision, which provides a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); *see also Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170,

175 (2d Cir. 2012) (citing *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 142 n. 4 (2d Cir.2002)) ("The safe-harbor provision is a strict procedural requirement."). Here, because Plaintiff makes her motion for sanctions as a part of her motion to strike, Plaintiff's motion must be **DENIED.**

### III. Leave to Amend

Pursuant to Federal Rules of Civil Procedure 15(a)(1) a party may amend a pleading, including an answer without leave of court up to 21 days after service. *See* Fed. R. Civ. P. 15(a)(1). After that time has expired, any amendment requires the consent of the opposing parties or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id*. "The Court may deny leave to amend for "good reason," which normally involves an analysis of the factors articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party." *Khodeir v. Sayyed*, 323 F.R.D. 193, 197 (S.D.N.Y. 2017). Here, Plaintiff has not sufficiently demonstrated undue delay, bad faith, futility or undue prejudice. Accordingly, Defendant is **GRANTED** leave to amend its Amended Answer. Defendant shall file a Second Amended Answer on or before May 8, 2020.

### CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike is **GRANTED** in part and **DENIED** in part. Additionally, Plaintiff's motion for sanctions is **DENIED** and Defendant is **GRANTED** leave to amend its Amended Answer. Defendant shall file a Second Amended Answer on or before **May 8, 2020**.

**SO ORDERED**

**Dated:  March 25, 2020**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**