UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
TERRI JABLONSKI.,

                Plaintiff,            16-cv-5243 (ALC) (OTW)

     -against-                   **ORDER**

SPECIAL COUNSEL, INC.,

                Defendant.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF 182, along with Plaintiff's objections to Defendant's proposed 30(b)(6) topic modifications and objections. Defendant's motion to modify and/or object to Plaintiff's proposed 30(b)(6) topics is **GRANTED in part and DENIED in part**. The parties are directed to refer to the attached annotated version of Plaintiff's List of Proposed Topics for Defendant's Rule 30(b)(6) Deposition.

      **SO ORDERED.**

Dated: June 7, 2022
       New York, New York

                                                 *s/ Ona T. Wang*
                                                 **Ona T. Wang**
                                               United States Magistrate Judge

*Jablonski v. Special Counsel, Inc.*
LIST OF PROPOSED TOPICS
Rule 30(b)(6) Deposition of Defendant

**Plaintiff's Topic 1:** The background, work history, salary and compensation of the Rule 30(b) deponent/s.

**SCI's Response:** SCI proposes the following modifications to this topic: The background and work history, ~~salary and compensation~~ of the individual testifying pursuant to Rule 30(b) ~~deponent/s~~.[1]

*[handwritten: OK /OTW.]*

**Plaintiff's Topic 2:** SCI's reasons for rejecting and/or refusing to refer Plaintiff for each of the 51 Paralegal jobs she applied to and the reasons for referring and/or hiring the comparison applicants and the salary information about those jobs.

**SCI's Response:** During a telephonic meeting on May 20, 2022, the parties agreed to the following topic instead: Explanation for why Plaintiff was not referred or hired for any of the jobs to which she allegedly applied.

*[handwritten: OK /OTW.]*

**Plaintiff's Topic 3:** The age information about the Persons whom Plaintiff named in her Third Amended Complaint whom she alleged were hired and/or referred instead of her.

**SCI's Response:** SCI has already produced the information reasonably available to it in response to Plaintiff's documents requests and the Court's Order dated March 11, 2022 (ECF No. 158). It is unclear what additional information, if any, Plaintiff is seeking with this topic.

*[handwritten: Denied! /OTW!]*

**Plaintiff's Topic 4:** the name and title of the Supervisors, operation of SCI's New York City office during August 2013 through July or supervision of paralegal recruiters, 2015 including any monitoring number of paralegal recruiters (and the name of the paralegal recruiters from August 2013 to July 2015). statistics concerning placement of applicants in paralegal position, The number of temporary and Direct Placement Paralegal Jobs that SCI placed during the relevant period in 2013 to 2015, broken down by recruiter and revenue from those placements.

**SCI's Response:** SCI stands on its previously proposed topic: General operation of SCI's New York City office during August 2013 through July 2015 including any monitoring or

*[handwritten: OK /OTW.]*

---

[1] Text with a red font and strike through is being deleted. Text with a green font and underline is being added. Text with a blue font has the meaning ascribed to it by Plaintiff in her submission of May 13, 2022.

supervision of paralegal recruiters, number of paralegal recruiters, general statistics concerning placement of applicants in paralegal position, and SCI's hiring practice for paralegal positions.

**Plaintiff's Topic 5:** from 2013 to present, Sales incentives in general related to paralegal recruiting and commissions

**SCI's Response:** SCI is willing to provide a person to testify on its behalf as to how, from 2013 through 2015, recruiters' compensation was generally linked to placements of candidates for paralegal jobs.

*ok /OTW.*

**Plaintiff's Topic 6:** Information and name of the SCI recruiters and managers ~~during the relevant time period to present~~ from 8/2013 - 7/2015 that were terminated and/or resigned, ~~and the reasons for their departure, including Angela Bevis.~~

*OK w/ these edits. /OTW.*

**SCI's Response:** For the same reasons upon which the Court relied as to the documents sought by Plaintiff, the topic seeks information that it is not relevant and/or not proportional to the needs of this case and is not the proper subject of discovery in this case as it is designed solely to annoy, embarrass or oppress SCI and its former recruiters and managers as well as Angela Bevis. Also, as Angela Bevis has never been an employee of SCI, it seeks information that is not reasonably available to SCI.

**Plaintiff's Topic 7:** Process or protocol in 2014 of SCI's New York office for handling letters concerning requests for information about candidate placements; SCI's Chain of Command in receiving discrimination complaints or complaint letters in the New York City Office.the receiving and handling of Plaintiffs November 2014, Letter to the New York City Office of Defendant, addressed to the recruiting managers , and search of it.-

**SCI's Response:** SCI stands on its previously proposed topic: Process or protocol in 2014 of SCI's New York office for handling letters concerning requests for information about candidate placements.

*See Ruling on Topic No. 4. Topic 4 is general enough to cover the handling of complaints and candidate placements. /OTW.*

2

SGR/37090660.2

**Plaintiff's Topic 8:** The use and operation of SCI's applicant tracking systems including Bullhorn and COSMOS from the recruiter's perspective; Information contained in the Cosmos and Bullhorn Candidate profiles and how the recruiters use the software, and the transfer of information from Cosmos to Bullhorn.

**SCI's Response:** SCI stands on its previously proposed topic: The general use and operation of SCI's applicant tracking systems including Bullhorn and COSMOS from the recruiter's perspective. Based on the May 20, 2022 telephonic meeting SCI proposes the following additional topic: The basis for the statements in SCI's Third Amended Answer To The Third Amended Complaint about information in its applicant tracking system concerning the Plaintiff.

*[handwritten: OK /OTW.]*

**Plaintiff's Topic 9:** SCI's and/or Ajilon Professionals' use or past use of psychometric tests in candidate assessment or tests in the Adecco Xpert platform such as MQ or OPQ (Occupational Personality Questionnaire), Adecco's partnership with Saville and Holsworth (SHL) for testing SCI, or Adecco's staff who have knowledge of the psychometric tests.

**SCI's Response:** For the same reasons upon which the Court relied as to the documents sought by Plaintiff, the topic seeks information that it is not relevant and/or not proportional to the needs of this case.

*[handwritten: Denied. See court's ruling on Plaintiff's Doc Request No. 5, ECF 158-1. /OTW.]*

**Plaintiff's Topic 10:** The facts underlying the Defendant's Answer to the 2015 OCAHO Complaint and other filings, and identify any employees who contributed facts to that answer, and any resulting business decisions.

**SCI's Response:** SCI proposes the following modifications to this topic: The facts underlying the Defendant's Answer to the 2015 OCAHO Complaint ~~and other filings, and identify any employees who contributed facts to that answer, and any resulting business decisions~~.

*[handwritten: OK /OTW.]*

**Plaintiff's Topic 11:** The location, history of documents that SCI did not produce in Plaintiffs Production of Document Requests including the Cosmos profiles, the plaintiffs job applications and through Monster.com and Careerbuilders, the training and recruiter screening materials.

3

Recruiter's files, etc.. SCI's use and storage of documents and electronically-stored information;retention for this case, the archiving of the Cosmos Profiles and the litigation hold in this case.

**SCI's Response:**    SCI stands on its previously proposed topic: SCI's use and storage of documents and electronically-stored information

*[handwritten annotation: Parties to use this topic. IOTW]*

**Plaintiff's Topic 12:** The identity of the employees handling the computer systems and/or whose job was to handle the computer systems in 2013- 2015 their monitoring of the computer databases and computer systems/. and during the Merger of Ajilon Professional and Defendant..

*[handwritten annotation: Denied. IOTW]*

**SCI's Response:**    SCI contends that all of the relevant and reasonably available information sought by this topic is covered by its proposals as to Topics 8 and 11. To the extent it seeks other information, that information is not relevant and/or proportional.

**Plaintiff's Topic 13:** SCI's current company and relationship with Lee Hecht Harrison, employees and functions in the current New York City office and the history and details of the office location after 2013.

*[handwritten annotation: Denied. OTW]*

**SCI's Response:**    The topic seeks information that it is not relevant and/or not proportional to the needs of this case.

**Plaintiff's Topic 14:** SCI's hiring practice for paralegal positions Interview and application and screening of Paralegal applicants for temporary, direct hire, and/or temp to permanent paralegal jobs.

**SCI's Response:**    SCI stands on its previously proposed topic: General operation of SCI's New York City office during August 2013 through July 2015 including any monitoring or supervision of paralegal recruiters, number of paralegal recruiters, general statistics concerning placement of applicants in paralegal position, SCI's hiring practice for paralegal positions.

*[handwritten annotation: See Ruling on Topic No. 4. IOTW]*

**Plaintiff's Topic 15:** SCI's process for referral, hiring and placement of applicants for paralegal positions from August 15, 2013 to July 2, 2015 including its handling of the job applications Plaintiff alleges she submitted in that time frame; The screening practices of Defendant' predecessor LSP (Legal Support Personnel) in 1999

*[handwritten annotation: See Ruling on Topic No. 4. IOTW]*

4

**SCI's Response:** SCI stands on its previously proposed topic: General operation of SCI's New York City office during August 2013 through July 2015 including any monitoring or supervision of paralegal recruiters, number of paralegal recruiters, general statistics concerning placement of applicants in paralegal position, SCI's hiring practice for paralegal positions.

**Plaintiff's Topic 16:** The information requested in Plaintiffs March 1, 2022 First Interrogatory Requests.

**SCI's Response:** This topic is improper as SCI has already provided sworn answers to all of Plaintiff's interrogatories that were proper and the Court sustained SCI's objections to the other interrogatories. (ECF No. 178.)

*[Handwritten: Denied. See ECF No. 178. /OTW.]*

**Plaintiff's Topic 17:** The monetary valuation of its applicant database information and valuation information about its stock of MPS group in the July 2009 Merger of MPS group with Ajilon Professional.

**SCI's Response:** For the same reasons upon which the Court relied as to the documents sought by Plaintiff, the topic seeks information that it is not relevant and/or not proportional to the needs of this case.

*[Handwritten: Denied. Not relevant. /OTW.]*

**Plaintiff's Topic 18:** Defendant's communications with the Office of the Chief Administrative Hearing Officer, (OCAHO) regarding Plaintiffs charge and the information about who contributed to the facts underlying Defendant's 2015 OCAHO Answer. Information about communications with Adecco Labor Employee Relations and/or Labor Relations regarding the issues in the lawsuit and the corporate relationship between the companies. Michelle Elwood's affidavit and/or communications with Angela Bevis

**SCI's Response:** This topic is improper as it seeks information that is not relevant and that is protected from discovery pursuant to the attorney-client privilege and the work product doctrine as this Court has already ruled with respect to Plaintiff's document requests.

*[Handwritten: Denied. See Ruling on Plaintiff's Doc. Request No. 17, ECF 158-1. /OTW.]*

**Plaintiff's Topic 19:** Corporate History Acquisition and merger information regarding 's Defendant relevant predecessor companies The corporate relationship between the Defendant and Adecco.

**SCI's Response:** SCI contends that all of the relevant and reasonably available information sought by this topic is covered by its proposal as to Topic 10. To the extent it seeks other information, that information is not relevant and/or proportional.

*[Handwritten: See Ruling on Topic No. 10. /OTW.]*

**Plaintiff's Topic 20:** Paralegal recruiters' employment history and performance evaluations/ discipline history including but not limited to: Jaime Lawrence, Alison Hugelmeyer, Jessica Levinson, Hillary Ahearn, Renee Hessberger, Elizabeth Cass, Angela Bevis, Michelle Elwood etc.

**SCI's Response:** For the same reasons upon which the Court relied as to the documents sought by Plaintiff, the topic seeks information that it is not relevant and/or not proportional to the needs of this case and is not the proper subject of discovery in this case as it is designed solely to annoy, embarrass or oppress SCI and the people identified in this topic.

*[Handwritten: Denied. See Ruling on Plaintiff's Document Request No. 29, ECF 158-1. /OTW.]*

**Plaintiff's Topic 21:** The SCI's disciplinary procedures and reasons for disciplining recruiters and employees in the New York City Office.

**SCI's Response:** For the same reasons upon which the Court relied as to the documents sought by Plaintiff, the topic seeks information that it is not relevant and/or not proportional to the needs of this case and is not the proper subject of discovery in this case as it is designed solely to annoy, embarrass or oppress SCI and its employees.

*[Handwritten: See Ruling on Topic No. 4. /OTW.]*

**Plaintiff's Topic 22:** Information Regarding and/or explaining the documents that Defendant produced in Discovery to Plaintiff and the custodians and history of those documents.

**SCI's Response:** SCI contends that all of the relevant and reasonably available information sought by this topic is covered by its proposal as to Topic 11. To the extent it seeks other information, that information is not relevant and/or proportional.

*[Handwritten: See Ruling on Topic No. 11. Authentication is premature at this time. /OTW]*

6

**Plaintiff's Topic 23:** General Information about supervision, and evaluation of recruiters.

**SCI's Response:** SCI will produce a person willing to testify on its behalf as to this topic.

*[Handwritten: OK/ OTW.]*

**Plaintiff's Topic 24:** Information about the communications of Plaintiffs EEOC charge and OCAHO charges with the EEOC and/or the OCAHO and the employees of SCI responsible for handling or responding to the EEOC charge.

**SCI's Response:** This topic is improper as it seeks information that is not relevant and that is protected from discovery pursuant to the attorney-client privilege and the work product doctrine as this Court has already ruled with respect to Plaintiff's document requests.

*[Handwritten: See Ruling on Plaintiff's Request Doc. No. 21, ECF 158-1. / OTW.]*

**Plaintiff's Topic 25:** Document Production: Information regarding the emails systems of the Defendant and why no emails were found or produced regarding plaintiff and/or her sister or among recruiters and its clients for the jobs that plaintiff applied to Information regarding how or what the Defendant searched for the Plaintiffs Document Requests and who conducted the searches.

**SCI's Response:** The information sought is not reasonably available to SCI because, as previously explained, SCI has no records of Plaintiff's alleged applications and has not been able to locate any non-privileged emails regarding Jablonski.

*[Handwritten: See Court's prior ruling on privileged documents, ECF 187, pgs. 33-34. / OTW.]*

**Plaintiff's Topic 26:** Information about other age discrimination complaints and/or retaliation complaints and/or lawsuits against Defendant's New York City Office during the relevant time to present.

**SCI's Response:** This topic is improper as it seeks information that is not relevant and that is protected from discovery pursuant to the attorney-client privilege and the work product doctrine as this Court has already ruled with respect to Plaintiff's document requests. Moreover, the topic is not the proper subject of discovery in this case as it is designed solely to annoy, embarrass or oppress SCI.

*[Handwritten: Denied. See Ruling on Plaintiff's Doc. Request No. 20, ECF 158-1. / OTW.]*

**Plaintiff's Topic 27:** Training: SCI's training of paralegal recruiters regarding discrimination, retaliation and/or the screening of applicants including use of the designation NMQ – Not

*[Handwritten: See Ruling on Topic No. 4. / OTW.]*

Minimally Qualified; - Information about the NMQ coding in Defendant's databases and the history of the NMQ code and about the particular information of other comparison applicants/ employees who have the NMQ code.Training of its recruiters regarding discrimination, retaliation and/or the screening of applicants.

**SCI's Response:**   SCI stands on its previously proposed topic:  SCI's training of paralegal recruiters regarding discrimination, retaliation and/or the screening of applicants including use of the designation NMQ – Not Minimally Qualified

**Plaintiff's Topic 28:**  The relevant contents of SCI's employee manuals; (including: Defendant's Employee and/or Applicant Referral Programs-The Defendant's antidiscrimination and retaliation policies and the persons whose job is to enforce it.Plaintiff and/or her sister employment verification of Talx/theWorkNumber/ Reports, disciple, and leave).

**SCI's Response:**   SCI stands on its previously proposed topic:  The relevant contents of SCI's employee manuals. ] OK/OTW.

**Plaintiff's Topic 29:**  SCI's actions taken after the 2005 Case *EEOC v. Special Counsel* regarding its antidiscrimination and retaliation policies. ] Denied. /OTW.

**SCI's Response:**   This topic is improper as it seeks information that is not relevant as this Court has already ruled with respect to Plaintiff's document requests and, given that it seeks information from 17 years such information is not reasonably available to SCI.  Moreover, the topic is not the proper subject of discovery in this case as it is designed solely to annoy, embarrass or oppress SCI.

**Plaintiff's Topic 30:**  Work history information concerning Plaintiff and Maria Jablonski; payroll and their biographical information with SCI, Ajilon Professional and/or any predecessor companies.

**SCI's Response:**   SCI will produce a person willing to testify on its behalf as to this topic. ] OK/OTW.

**Plaintiff's Topic 31:**  Information concerning the Candidate profile Marie A Jablonski.and The Plaintiff's Candidate Profiles, contact information of any relevant witnesses and/or employees mentioned in the profiles and The creation of the Candidate profile Marie A. Jablonski and the

witnesses and/or actors and any actions taken by SCI upon discovering it contained three different applicants.

**SCI's Response:** SCI stands on its previously proposed topic: Information concerning the Candidate profile Marie A Jablonski.

*[handwritten: Parties to use this topic. /OTW.]*

**Plaintiff's Topic 32:** Employee benefits for paralegals from 2013 to July 2, 2015.

*[handwritten: Denied. Not relevant. /OTW.]*

**SCI's Response:** The topic is improper as it seeks information that it is not relevant and/or not proportional to the needs of this case.

**SUBPOENA DUCES TECUM:**

Bring to the Deposition the following the job order documents listing the job qualifications for job orders that Plaintiff applied to, : and the client contracts for those jobs, and the salary of those jobs.

Also bring all the underlying documents not already produced which you reviewed and or consulted in preparing for this deposition.

Bring any affidavits related to the issues in this case not already produced.

The candidate profiles of the JIANQING WU and all other persons who complained to Management that they were discriminated against based on age, or whom filed an EEOC charge, from 2013 to present.

**SCI's Response:** A notice of deposition of a party, which is the document at issue, is not the proper way to seek documents from a party, in this case the deponent SCI. As such it is a nullity to which no other response is necessary. It also constitutes an improper attempt to circumvent the Court's previous orders.

*[handwritten: → To the extent that this purports to be a subpoena, it is not valid. Denied. /OTW]*

9