UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TERRI JABLONSKI,

             Plaintiff,

           -against-

SPECIAL COUNSEL, INC.,

            Defendant.

-------------------------------------------------------------x

16-CV-5243 (ALC) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

The Court has reviewed ECF Nos. 237, 241, 242, and 243. Plaintiff's motion for a protective order against production of two of Plaintiff's notebooks used during her initial deposition on July 29, 2022, is **DENIED**.

Plaintiff argues that the notebooks contain privileged work product because they contain "legal research and digests of depositions of the case" by Plaintiff, who is also a paralegal for the case. (ECF 237). Plaintiff then argues that even if the Court concludes that the notebooks should be produced, the Court should first conduct an *in-camera* inspection of the notebooks to determine which portions of the notebooks waive subject matter, and to excise those portions from production. (ECF 237).

Plaintiff's counsel states that the notebooks "contain mostly work product prepared by [the Plaintiff"] and then goes in detail to describe the contents of the notebooks as "Plaintiff's authorizing of draft deposition digests of Defendant's deposition witnesses, that she apparently prepared in the notebook authored in her own handwriting, and Plaintiff's digests of case law research and analysis authored in her own handwriting." (ECF 237-3 at 3). The Court accepts as

true Plaintiff's counsel's representations of the allegedly privileged materials, and declines to engage in *in-camera* review of the notebooks at this time. *See Gruss v. Zwirn*, 296 F.R.D. 224, 231 (S.D.N.Y. 2013) ("Courts have discretion to determine whether in camera review is appropriate, based in part on the specificity of counsel's representations"); *United States v. Jacques Dessange, Inc.*, No. S299-CR-1182 (DLC), 2000 WL 310345, at *4 (S.D.N.Y. Mar. 27, 2000) (finding that in camera inspection of attorney interview notes was "unnecessary" where the attorney's representations described the "nature of the documents ... with sufficient particularity for the Court to make a reliable judgment about the level of protection which should be given to the documents").

The Court finds that while the work product privilege attaches to the notebooks, it was waived when Plaintiff used the notebooks to refresh her recollection. Documents consulted or reviewed by a witness **while testifying** must be produced to the adverse party. *See* Fed. R. Evid. 612(a)(1); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 637 (E.D.N.Y. 1997) (ordering expert witness to produce notes that he "repeatedly consulted" at his deposition to refresh his recollection); *Thomas v. Euro RSCG Life*, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) (holding attorney client privilege waived where plaintiff reviewed notes fifteen minutes before her deposition, and relied on them in connection with her deposition testimony). During Plaintiff's deposition, Defendant's counsel asked Plaintiff if she was looking through one of the notebooks for purposes of refreshing her recollection, to which she responded: "Yes, exactly." (ECF 228-1 at 71). Plaintiff's use of the notebook therefore squarely falls within the disclosure requirements of Rule 612. The Court has also reviewed the video recording of Plaintiff's deposition, submitted to the Court via separate flash drive, and finds that both notebooks at issue were used during

2

the deposition and must be turned over to Defendants.

Plaintiff's counsel is directed to bring the two notebooks to Plaintiff's continued deposition on October 19, 2022, and produce them to Defendant's counsel **prior** to the commencement of the deposition.

The Clerk of Court is respectfully directed to close ECF Nos. 237 and 242.

**SO ORDERED.**

Dated: October 18, 2022
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge