UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

TERRI JABLONSKI,

                                  Plaintiff,

                                  16-CV-5243 (ALC)(OTW)

       -against-

                                  **ORDER ADOPTING**

SPECIAL COUNSEL, INC.,                  **JUDGE WANG'S**
                                       **DISCOVERY ORDER**

                                Defendant.

------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

       The Court assumes the parties' familiarity with the factual and procedural background of this case. On January 3, 2019, this matter was referred to Magistrate Judge Ona T. Wang for General Pretrial proceedings. ECF No. 71. This order follows from Judge Wang's ruling on Plaintiff's Motion to Compel Discovery Requests during a March 10, 2022 status conference. *See* ECF Nos. 158 ("Judge Wang's Written Order") and No. 159 (Transcript of March 10, 2022 Conference in which discovery rulings were made) (collectively, "Judge Wang's Discovery Order"). Plaintiff's objections to Judge Wang's Discovery Order are at ECF No. 163, Defendant's Opposition is at ECF No. 164, and Plaintiff's Reply is at ECF No. 165.

       Upon review of Judge Wang's Discovery Order, the parties' submissions, and all other relevant materials, Plaintiff's discovery objections are OVERRULED in their entirety, and Judge Wang's Discovery Order is affirmed.

1

## LEGAL STANDARD

The Court holds that Judge Wang's Discovery Order is a non-dispositive pretrial order reviewable under Federal Rule of Civil Procedure 72(a). Under Fed. R. Civ. P. 72(a), "the district judge … must consider timely objections to the magistrate judge's decision and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 Civ. 1041 (LTS)(DCF), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013).

"The magistrate judge's findings may be considered 'clearly erroneous' when 'on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed.'" *Bromfield v. Bronx Lebanon Special Care Center, Inc.*, No. 1:16-cv-10047, 2020 WL 495460, at *1 (S.D.N.Y. Jan. 30, 2020) (quoting *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (citation omitted)). "A ruling is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333, 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019) (quoting *NIKE, Inc. v. Wu*, 349 F.Supp.3d 346, 353 (S.D.N.Y. 2018)).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan, et al.*, No. 15-CV-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *Brown*, 2019 WL 5188941, at *1. A magistrate judge has broad discretion to manage discovery disputes. *See Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, No. 11 Civ. 6746, 2015 WL 3404111, at *2 (S.D.N.Y. May 27, 2015). "Thus, the party seeking to overturn a magistrate judge's decision ... carries a

heavy burden." *Anwar v. Fairfield Greenwich Ltd.*, 982 F.Supp.2d 260, 263 (S.D.N.Y. 2013) (internal quotation marks and alterations omitted).

## DISCUSSION

Though Plaintiff may be unhappy with Judge Wang's ruling on the discovery requests, her decisions were not erroneous or contrary to law. At the March 10, 2022 Conference, Judge Wang stated that her rulings were "made on the record after reviewing the parties' submissions." ECF No. 159, Transcript of Conference ("Tr.") at 2:18-19. She noted that her Chambers spent "an inordinate amount of time reviewing the submissions" and that the Court "undertook the herculean effort of reviewing each of [Plaintiff's] 59 document requests." Tr. 3:8-16. Judge Wang also stated that she "ended up having to go through the responses myself, with my chambers' staff, for hours yesterday to try to understand what [Plaintiff was] trying to do." Tr. 15:13-15. The record reflects that Judge Wang's rulings to limit or deny the discovery requests were because Plaintiff's requests were duplicative, overly broad, not relevant, and/or privileged. Limiting or denying requests for these reasons is well within a magistrate judge's broad discretion to manage discovery disputes. Further, "[p]aring down discovery requests to those documents most essential to the case, offering meaningful compromises in response to an objectionable document request, avoiding discovery disputes, and meeting and conferring in good faith to resolve disputes without the need for motion practice are all critical obligations" under the Federal Rules of Civil Procedure. *See Michael Kors, L.L.C. v. Su Yan Ye*, No. 18 Civ. 2684 (KHP), 2019 WL 1517552, at *7(S.D.N.Y. Apr. 8, 2019).

Plaintiff has not met the "heavy burden" needed for the Court to overrule Judge Wang's discovery rulings. Plaintiff's motion merely attempts to relitigate arguments that were already thoughtfully considered in Judge Wang's Discovery Order and the March 10, 2022 conference.

The Court finds Plaintiff's arguments unavailing and overrules Plaintiff's Objections to Magistrate Judge Wang's orders at ECF Nos. 158 (Written Order) and 159 (Transcript of March 10, 2022 Conference in which discovery rulings were made). Judge Wang's Discovery Order is affirmed, and Plaintiff's objections are overruled in their entirety. The parties are directed to continue discovery proceedings with Judge Wang. The Clerk of Court is respectfully directed to terminate the open motion at ECF No. 163.

**SO ORDERED.**

**Dated:**     **New York, New York**
              **March 27, 2023**

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**