**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
TERRI JABLONSKI,

            Plaintiff,               16-CV-5243 (ALC) (OTW)

            -against-               **ORDER**

SPECIAL COUNSEL, INC.,

            Defendant.
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

The Court has reviewed ECF Nos. 266, 267, 268, 272, 273, and 274. Plaintiff's motion to compel a continued deposition of Defendant's Rule 30(b)(6) witness is **DENIED**. The Court has reviewed the deposition of Alison Hugelmeyer, Defendant's 30(b)(6) witness, and finds that Plaintiff is not entitled to a continued deposition. Plaintiff's motion for sanctions against Defendant for "contempt" of the Court's past 30(b)(6) order is similarly **DENIED**. The Court finds that Defendant discharged its obligations under Rule 30(b)(6) to provide a witness able to address the topics in ECF 192. Defendant's cross-motion for a protective order against an additional 30(b)(6) deposition is **GRANTED**. The Court declines to shift costs under Fed. R. Civ. P. 37 at this time.

The Court has additionally reviewed ECF 269, which was the parties' report on their meet-and-confer process for potential additional depositions, as directed by ECF 256. Plaintiff's request to depose "the Payroll Manager" of SCI's successor is **DENIED**. The parties' dispute and Plaintiff's reasoning for seeking a "Payroll Manager" deposition do not fit within any of the previously-approved 30(b)(6) deposition topics. Instead, Plaintiff now asserts that "one of the

most important issues in the case" concerns "discrepancies on the documents and [P]laintiff's testimony" and Defendant's "repeated . . . question[ing of] Plaintiff [at her deposition] about its entries on its purported payroll documents, and there are various discrepancies on them, calling into question whether they are fabricated or not even hers." (*Id*. at 2.) The Court reminds the parties that disputes about the interpretation of documents and potentially conflicting testimony may be more easily resolved – and with more finality – by a jury weighing the competing evidence than by motions for more discovery, sanctions, and contempt. Nonetheless, if Plaintiff has specific, targeted questions about specific payroll documents, she may propound no more than 3 Special Interrogatories by May 12, 2023, concerning payroll documents and such alleged discrepancies.

Plaintiff's request to take Angela Bevis's deposition is **DENIED**. The only reason articulated for Bevis's deposition is that she worked with Defendant's counsel in preparing its "OCAHO response" (*see* ECF 261), which is not an issue in this case. Indeed, Plaintiff admitted and repeatedly argued in 2022 that OCAHO filings were not relevant. (*See* ECF 209 at 11-13). She may not now seek affirmative discovery in an area that the Court already determined was not relevant or proportional a year ago.[1]

The only open discovery in this case remains the Special Interrogatories, above, if Plaintiff elects to serve them, and the Court's resolution of the parties' cross-motions to depose attorneys Matthew Clarke and Maria Jablonski, for which briefing will be complete on May 30, 2023.

---

[1] Specifically, more than six years ago, Plaintiff filed a complaint with the Office of the Chief Administrative Hearing Office of the Immigration and Naturalization Service alleging that Defendant was discriminating against Plaintiff and her US citizenship by preferentially referring people who were not U.S. citizens. (ECF 209 at 5.)

The Clerk of Court is respectfully directed to close ECF Nos. 266 and 274.

**SO ORDERED.**

|  |  |
|---|---|
|  | _s/ Ona T. Wang_ |
| Dated: May 1, 2023 | **Ona T. Wang** |
| New York, New York | United States Magistrate Judge |