UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
TERRI JABLONSKI,

                Plaintiff,

             -against-

SPECIAL COUNSEL, INC.,

                Defendant.

------------------------------------------------------------x

16-CV-5243 (ALC) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

This employment discrimination case alleges, essentially, that Plaintiff, Terri Jablonski ("Terri"), represented by her sister Maria Jablonski ("Maria"), is a paralegal who was subjected to age and sex discrimination when Defendant and its predecessor legal staffing companies (collectively, "Defendant") refused to retain her for and send her to temporary paralegal jobs. (*See* ECF 59). As relevant here, Defendant has asserted that to the extent Terri was treated differently from other paralegal candidates, those differences were based on her qualifications or other notations in Defendant's records that reflected on the quality of her work. (*See, e.g.*, ECF Nos. 122, 259, and 260).

Defendant seeks Maria's deposition on two specific factual issues that arose during Defendant's Fed. R. Civ. P. 30(b)(6) deposition.[1] I had previously ruled at the June 15, 2023, status conference that both issues were relevant and factual, and had directed the parties to

---

[1] These two issues concern: (1) resumes that Defendant claims it received from Maria in 2001 and 2008 with inconsistent work histories, and (2) Maria's placement at the "O'Sullivan law firm" in May 2001. (*See* ECF 308 at 40-41) (hereinafter "Tr.").

attempt to resolve the matters by stipulation or special requests for admission in lieu of a deposition. (ECF 294; Tr. at 50). After several weeks of unproductive attempts to reach agreement, the parties have since filed several letters, which I will now treat as motions for reconsideration. (*See* ECF Nos. 303, 304, and 305).

As to any deposition of Maria, I have reconsidered my prior decision as follows: **There shall be no further discovery concerning the inconsistent resumes found in Defendant's files for Maria**. Defendant, through its 30(b)(6) witness, testified at length about these inconsistent resumes and their impact on Maria's and possibly Terri's ratings and reviews. (*See* ECF Nos. 259 and 260). Any credibility determinations or inferences to be drawn from inconsistent facts are the province of the factfinder, not the judge managing discovery. The parties are further reminded that lawyers' statements are not evidence, and that the jury would be so instructed at trial. Further attempts to use discovery methods to the facts and circumstances concerning Maria's inconsistent resumes are not proportional to the needs of the case.

As to the issue of whether Maria ever worked at the O'Sullivan law firm, Defendant may serve special written interrogatories, which Maria shall answer under oath, limited to the timing and circumstances of her employment, if any, at the O'Sullivan law firm. Such written interrogatories shall be served **by August 4, 2023**, and Maria shall respond within 30 days of service. There will be no extensions. **Failure to timely or fully respond may result in preclusion, sanctions, or other limitations to be determined by the trial judge after discovery is complete.**

The Clerk of Court is respectfully directed to close ECF 304.

**SO ORDERED.**

Dated: July 28, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge