```
                                                    USDC SDNY
UNITED STATES DISTRICT COURT                        DOCUMENT
SOUTHERN DISTRICT OF NEW YORK                       ELECTRONICALLY FILED
TERRI JABLONSKI,                                    DOC #: _____
                                                    DATE FILED:  1/27/2025
                        Plaintiff,

        -against-                                   16 Civ. 5243 (AT)

SPECIAL COUNSEL, INC.,                                     ORDER

                        Defendant.
```

ANALISA TORRES, District Judge:

Plaintiff, Terri Jablonski, brings this action against Defendant, ADO Professional Solutions, Inc., formerly known as Special Counsel, Inc. ("SCI"), alleging, *inter alia*, age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. *See generally* Compl., ECF No. 63. Before the Court are Defendant's motions to strike portions of the record. ECF Nos. 335, 337. For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

SCI was a placement agency that assisted legal departments and law firms in recruiting paralegals, attorneys, and other legal professionals. Def. 56.1 ¶¶ 1–2, ECF No. 325-1.[2] SCI had a database that contained personal and professional information on at least some applicants. *See id.* ¶ 2. Plaintiff has worked as a paralegal. *Id.* ¶ 5. Plaintiff's sister, Maria Jablonski ("Attorney Jablonski"), who represents Plaintiff in this action, was listed in SCI's database. *See* Compl. ¶ 75.

---

[1] The Court recites only the facts, allegations, and procedural details relevant to Defendant's motions to strike.

[2] Citations to a paragraph of Defendant's Rule 56.1 statement also include Plaintiff's response.

Prior to August 2013, SCI had "either placed Plaintiff into employment positions with [its] clients or had received an application from her." Def. 56.1 ¶ 11. According to Plaintiff, from August 2013 to July 2015, she applied for forty-one paralegal jobs advertised by SCI for which she "was more than minimally qualified." Compl. ¶ 44. She alleges that, to "prevent recruiters from acting on her resumes," SCI fabricated "negative reference[s]" in its database under Plaintiff's name. *Id.* ¶ 75. Specifically, Plaintiff claims that SCI saw Attorney Jablonski's name in its database and "changed [her] name" to Plaintiff's name, then wrote "NMQ" next to Plaintiff's name "knowing that recruiters knew it meant 'not minimally qualified' and would disqualify [Plaintiff] from all employment." *Id.* Plaintiff alleges that SCI did not hire her for any of the positions she applied to and instead hired younger, underqualified applicants. *Id.* ¶¶ 81–99.

Plaintiff commenced this action in 2016. ECF No. 1. Her third amended complaint, the operative complaint, alleges, *inter alia*, that SCI discriminated against her based on her age in violation of the ADEA; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq. See generally* Compl. From November 2021 to July 2023, the parties engaged in contentious discovery proceedings before the Honorable Ona T. Wang, relevant portions of which are discussed below. *See generally* ECF Nos. 128, 310. In October 2023, Defendant moved for summary judgment. ECF No. 319. As part of her opposition, Plaintiff submitted sworn declarations from herself and Attorney Jablonski. *See* Pl. Decl., ECF No. 326; Att'y Decl., ECF No. 325.

Defendant moves to strike Attorney Jablonski's declaration, arguing that the Court should exclude it under Federal Rule of Civil Procedure 37(c)(1). First Mem. at 3, ECF No. 336. Defendant also moves to strike portions of Plaintiff's declaration, arguing that these portions

2

contradict Plaintiff's deposition testimony and constitute inadmissible hearsay.  Second Mem. at 1–7, ECF No. 338.  The Court addresses each motion in turn.

## DISCUSSION

I. <u>Legal Standard</u>

A district court "possesses the inherent authority to strike any submission it determines to be abusive or otherwise improper under the circumstances." *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17 Civ. 6559, 2021 WL 363704, at *5 (S.D.N.Y. Jan. 31, 2021) (citation omitted). "Because a decision on [a] motion to strike may affect [a] movant's ability to prevail on summary judgment, it is appropriate to consider [a] motion to strike prior to [a] motion for summary judgment." *Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007) (cleaned up) (citation omitted).

    A. Rule 37(c)(1)

Federal Rule of Civil Procedure 26(a), which governs discovery, provides that a party must disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 37, in turn, "authorizes courts to impose sanctions when a party does not comply" with Rule 26. *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 395 (S.D.N.Y. 2005).  Under Rule 37(c)(1), when "a party fails to provide information or identify a witness as required by Rule 26(a)[,] . . . the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."

Rule 37(c)(1) is intended "to prevent the practice of sandbagging an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (citation

omitted). Under the rule, "the non-disclosing party has the burden to demonstrate that the failure to disclose was substantially justified or . . . harmless." *Atkins*, 372 F. Supp. 2d at 396. "A failure to disclose is substantially justified . . . if there exists a genuine dispute concerning [a party's] compliance." *Wu v. Metro-N. Commuter R.R. Co.*, No. 14 Civ. 7015, 2016 WL 5793971, at *9 (S.D.N.Y. Aug. 4, 2016) (citation omitted). A failure to disclose "is harmless when there is no prejudice to the party entitled to the disclosure." *Henrietta D. v. Giuliani*, No. 95 Civ. 641, 2001 WL 1602114, at *6 (E.D.N.Y. Dec. 11, 2001) (citation omitted). The Court must weigh four factors when considering whether to exclude evidence under Rule 37(c)(1): (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the excluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new evidence; and (4) the possibility of a continuance. *See Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

A district court has "wide discretion" to impose exclusionary sanctions under Rule 37(c)(1). *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). However, because the imposition of sanctions is a "drastic remedy," Rule 37(c)(1) is usually "applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 587 (E.D.N.Y. 1994).

  B. Sham Affidavit Rule and Inadmissible Hearsay

Under the sham affidavit rule, "factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the [party]'s affidavit opposing summary judgment and that affidavit contradicts [the party's] own prior deposition testimony." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001); *see Hayes*

4

*v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."); *Mack v. United States*, 814 F.2d 120, 124 (2d Cir. 1987) ("It is well settled in this circuit that a party's affidavit which contradicts [her] own prior deposition testimony should be disregarded on a motion for summary judgment."). The Court may, therefore, "strike declarations made in support of summary judgment if the declaration directly and unequivocally contradicts previous deposition testimony." *Perez v. Manna 2nd Ave. LLC*, No. 15 Civ. 4655, 2016 WL 7489040, at *2 (S.D.N.Y. Dec. 28, 2016); *see also Zorbas v. U.S. Tr. Co., N.A.*, 48 F. Supp. 3d 464, 473 (E.D.N.Y. 2014) (striking certain paragraphs from plaintiff's declaration under the sham affidavit rule).

Additionally, Federal Rule of Civil Procedure 56(c)(4) requires "[a]n affidavit or declaration used to support or oppose a [summary judgment] motion" to "set out facts that would be admissible in evidence." *See LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205 (2d Cir. 2005) ("[E]vidence considered on summary judgment must generally be admissible evidence."). Under Rule 56(c)(2), a party may therefore object to material that "cannot be presented in a form that would be admissible in evidence." "Even on summary judgment, a district court has wide discretion in determining which evidence is admissible . . . ." *LaSalle Bank*, 424 F.3d at 205 (citation omitted). Accordingly, the Court may strike portions of an affidavit that contain inadmissible hearsay. *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015).

II.  Analysis

    A.  Attorney Jablonski's Declaration

Defendant moves to strike Attorney Jablonski's declaration under Rule 37(c)(1), arguing that exclusion is warranted due to Plaintiff's failure to disclose Attorney Jablonski under Rule 26(a) and Plaintiff's representations during discovery that Attorney Jablonski has no knowledge of the issues in this action.  *See* First Mem. at 3–4.  The Court agrees.

In May 2022, Defendant moved to compel the deposition of Attorney Jablonski, arguing that her testimony was relevant "to the factual allegations in the [c]omplaint mentioning her by name."  ECF No. 184 at 9.  Plaintiff opposed the motion, claiming that it was an attempt to disqualify Attorney Jablonski rather than to obtain discoverable information.  ECF No. 189 at 18.  Plaintiff asserted that Attorney Jablonski had "no personal knowledge of any of the references to her name;" that Plaintiff's allegations "all pertain to [Defendant's] own records, which [Attorney Jablonski] has no personal knowledge of;" and that Attorney Jablonski "is without personal knowledge of the issues" in this action.  *Id.* at 8–9.  Plaintiff also stated that there was "no factual issue in dispute regarding" Attorney Jablonski's testimony and that Defendant had no "valid need to depose her."  *Id.* at 9.

That month, at a conference before Judge Wang, Attorney Jablonski told Judge Wang, "I'm not taking a deposition in this case, I'm not relevant."  ECF No. 187 at 61:11–14.  In May 2023, Plaintiff again argued that Defendant's motion to compel was an "absurd[]" effort "to disqualify [Attorney Jablonski] in a case that has been litigated for the past seven years by simply having her become a fact witness . . . by involving her in the facts."  ECF No. 290 at 12.  Plaintiff also stated that Attorney Jablonski was not a fact witness in this action because Plaintiff had not "named [her] as a witness in the case."  *Id.* at 14.

6

In June 2023, Judge Wang held a conference on Defendant's motion to compel. *See* ECF Nos. 294, 308. At the conference, Attorney Jablonski told Judge Wang that she did not "see the relevance" of Defendant's motion; that she was "not making [herself] a fact witness;" and that she was "not testifying in this case." ECF No. 308 at 41:5–9. Relying on Attorney Jablonski's representations, Judge Wang denied Defendant's motion to compel her deposition. *Id.* at 41:20–21; ECF No. 294.

Plaintiff now submits Attorney Jablonski's declaration in support of Plaintiff's opposition to Defendant's summary judgment motion. *See generally* Att'y Decl. In her declaration, Attorney Jablonski makes factual allegations concerning, *inter alia*, her employment by SCI, evidence produced by Defendant, Plaintiff's qualifications as a paralegal, and Defendant's "retaliatory animus" against Attorney Jablonski. *Id.* Plaintiff submits this declaration despite refusing to identify Attorney Jablonski under Rule 26(a), opposing Defendant's efforts to depose Attorney Jablonski, and representing to the Court, over the course of a year, that Attorney Jablonski has no knowledge of the issues in this case. Plaintiff's conduct "represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure," *Sterling*, 154 F.R.D. at 587, and is "precisely the type of sandbagging that Rule 37(c)(1) is designed to prevent," *Alexander v. Fidalgo*, No. 10 Civ. 8587, 2013 WL 12316346, at *3 (S.D.N.Y. Apr. 10, 2013) (citation omitted).

Plaintiff has not sustained her burden to demonstrate that her failure to disclose was substantially justified or harmless. *See Atkins*, 372 F. Supp. 2d at 396. She offers no justification for not identifying Attorney Jablonski under Rule 26(a), and there is no genuine dispute concerning compliance, particularly in light of Plaintiff's representations to the Court. *See Metro-N.*, 2016 WL 5793971, at *9. Plaintiff's late production is not harmless because it

7

"prevents Defendant from inquiring at a deposition or otherwise investigating the evidence" offered by Attorney Jablonski, and therefore prejudices Defendant.[3] *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16 Civ. 1267, 2018 WL 3407709, at *3 (S.D.N.Y. Jan. 12, 2018); *see Henrietta D.*, 2001 WL 1602114, at *6.

For the foregoing reasons, the Court concludes that the exclusion of Attorney Jablonski's declaration is appropriate here, and the Court will not consider it in adjudicating the summary judgment motion. Defendant's motion to strike Attorney Jablonski's declaration is, therefore, GRANTED.

### B. Plaintiff's Declaration

#### 1. Sham Affidavit Rule

Next, Defendant moves to strike specific assertions from paragraphs 3 and 7 of Plaintiff's declaration under the sham affidavit rule, arguing that the assertions contradict Plaintiff's deposition testimony. *See* Second Mem. at 1–6.

##### i. Paragraph 3

In paragraph 3 of her declaration, Plaintiff asserts that, on January 30, 2013, she met with an SCI employee regarding one of her SCI applications. Pl. Decl. ¶ 3. To support her allegation that the meeting took place on January 30, Plaintiff attaches a document that she describes as a "Peoplesoft Profile"—a purported SCI application from Plaintiff dated January 30. *Id.* ¶ 8; ECF No. 326-1.

---

[3] Additionally, the *Patterson* factors weigh in favor of excluding Attorney Jablonski's declaration. *See Patterson*, 440 F.3d at 117. Plaintiff offers no adequate explanation for her failure to comply with Rule 26(a), and Defendant was prejudiced by having to prepare to address the new evidence in Attorney Jablonski's declaration. Although the parties make no argument about the importance of the declaration or how the Court should weigh this factor, the Court concludes that the declaration is not important considering Plaintiff's representations regarding Attorney Jablonski's lack of knowledge of the issues in this case. Finally, the possibility of a continuance weighs in favor of exclusion because, given the length of litigation and discovery in this case, "a continuance would be inappropriate and against the interests of judicial economy." *Codename*, 2018 WL 3407709, at *3.

At her deposition, Plaintiff testified that she did not "remember the specific date" of the meeting.  ECF No. 339-1 at 214:2.  Although Defendant argues that this testimony is contradicted by Plaintiff's declaration that the meeting took place on January 30, Plaintiff's declaration merely "amplifies . . . [her] prior testimony."  *Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106, 112 (2d Cir. 1998) (citation omitted); *see id.* ("If there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because of an earlier account that was . . . simply incomplete.").  Because Plaintiff did not "directly and unequivocally contradict[]" her deposition testimony, *Perez*, 2016 WL 7489040, at *2, the Court shall not strike the assertion in Plaintiff's declaration that the meeting took place on January 30, 2013.

> ii.   Paragraph 7

Defendant also moves to strike several assertions from paragraph 7 of Plaintiff's declaration.  *See* Second Mem. at 5–6.  In paragraph 7, Plaintiff states that she "ha[s] worked since 1991 as a Paralegal."  Pl. Decl. ¶ 7.  She also asserts that she "worked in a Medical Office called the Cosmetic Center for four years from 2008-2012 in Pearl River, New York, doing administrative tasks, medical billing and gathering and drafting responses to law firm's inquiries of patient medical records."  *Id*.  Plaintiff further alleges that she worked at "Holland and Knight in Insurance Maritime law for 1 year," at "Fleming Zulack for a year," at "Kramer Levin Naftalis & Franklin for four months," and at "Chase Manhattan Bank . . . for almost a year."  *Id.*  As explained below, Plaintiff's deposition testimony contradicts these assertions.

During discovery, Plaintiff disclosed at least two of her resumes (the "First Resume" and "Second Resume").  The First Resume states that she worked at the Cosmetic Center from 2008 to 2012 as a "PT Administrative Assistant/Medical Billing Assistant."  First Resume at 11, ECF

9

No. 59-1.  At her deposition, Plaintiff was asked at length about the First Resume and her work at the Cosmetic Center.  She stated that "everything reflected on th[e] [First Resume]" was correct.  ECF No. 339-1 at 35:18–36:15.  When told that her work at the Cosmetic Center did not "indicate anything legal related" and instead indicated "a medical practice administrative assistant" position, Plaintiff responded, "Well it's more administrative — it was more paperwork."  *Id.* at 49:21–50:2.  When asked if she did "anything besides [what she listed in the job] description," Plaintiff replied, "It's whatever is listed is what I did."  *Id.* at 49:15–20.  When asked if she had "any other jobs" while working at the Cosmetic Center, Plaintiff responded, "I don't remember.  I don't recall."  *Id.* at 41:8–12.  Accordingly, Plaintiff's paragraph 7 assertions that she "ha[s] worked since 1991 as a Paralegal" and that she "gather[ed] and draft[ed] responses to law firm's inquiries of patient medical records" at the Cosmetic Center contradict her deposition testimony and will not be considered by the Court.  *See Zorbas*, 48 F. Supp. 3d at 473.

Similarly, Plaintiff's assertions in paragraph 7 of her declaration concerning the time that she worked at certain entities contradict her deposition testimony.  At her deposition, Plaintiff was asked whether "the amounts of time reflected on [her Second Resume were] correct as to how long [she] worked at each of [the] entities [listed therein]."  ECF No. 339-1 at 64:19–22.  Plaintiff responded, "Yes.  Yes."  *Id.* at 64:23.  The Second Resume states that Plaintiff worked at "Holland & Knight" for "9 months;" her declaration states that she worked there for "1 year."  Second Resume at 8, ECF No. 323-7; Pl. Decl. ¶ 7.  The Second Resume states that Plaintiff worked at "Flemming Zulack & Williamson" for "9 months;" her declaration states that she worked there for "a year."  Second Resume at 8; Pl. Decl. ¶ 7.  The Second Resume states that Plaintiff worked at "Kramer Levin" for "3 months;" her declaration states that she worked there

for "four months."  Second Resume at 8; Pl. Decl. ¶ 7.  Finally, the Second Resume states that Plaintiff worked at "Chase" for "6 months;" her declaration states that she worked there "for almost a year."  Second Resume at 8; Pl. Decl. ¶ 7.  Accordingly, Plaintiff's paragraph 7 assertions concerning the time she worked at these entities contradict her deposition testimony and will not be considered by the Court.  *See Zorbas*, 48 F. Supp. 3d at 473.

For the foregoing reasons, Defendant's motion to strike specific assertions from paragraphs 3 and 7 of Plaintiff's declaration is GRANTED IN PART and DENIED IN PART.

      2. Inadmissible Hearsay

Defendant also moves to strike Exhibit 4 from Plaintiff's declaration, arguing that it contains "inadmissible hearsay and lacks a proper evidentiary foundation."  Second Mem. at 7.  Although Rule 56(c)(2) provides that a party moving for summary judgment may object to material that "cannot be presented in a form that would be admissible in evidence," the 2010 Committee Notes to that subsection make clear that "[t]here is no need to make a separate motion to strike" such inadmissible material.  Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment.  Because evidence inadmissible at trial is insufficient to create a genuine dispute of material fact, the Court need not engage in separate analysis of the motion to strike.  *See Sauerhaft v. Bd. of Educ. of the Hastings-on-Hudson Union Free Sch. Dist.*, No. 05 Civ. 9087, 2009 WL 1576467, at *8 (S.D.N.Y. June 2, 2009) ("A court may decline to conduct a line-by-line analysis and instead simply disregard the allegations that are not properly supported.").  Accordingly, Defendant's motion to strike Exhibit 4 from Plaintiff's declaration is DENIED, but the Court shall consider Defendant's arguments where relevant in the summary judgment analysis.

## CONCLUSION

For the reasons stated above, Defendant's motions to strike are GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to strike ECF No. 325 from the docket, and to terminate the motions at ECF Nos. 335 and 337.

SO ORDERED.

Dated: January 27, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge